# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**DANIEL QUIROZ,**

        Plaintiff,

Civil Action No. 5:25-cv-383-MSS-PRL

-vs-

**ROBERTO ANTONIO CONTRERAS ROSA,**

**UVALDO MATUTE LAGOS**

**JOHEL ANTONIO ZELAYA ALVAREZ**

**EDUARDO ENRIQUE REINA GARCIA**

        Defendants.

---

## COMPLAINT FOR BREACH OF CONTRACT, EXTORTION, DEFAMATION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, INJUNCTIVE RELIEF, ABUSE OF PROCESS, TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE, AND CIVIL CONSPIRACY

### Submitted by:

**Daniel Quiroz**
Pro Se Plaintiff
9928 SE 109th Ln
Belleview, FL 34420
Mail Address
P.O. Box 203
Dunnellon, FL 34430-0203
951-283-5018

TABLE OF CONTENTS

I.      INTRODUCTION ...................................................................................................1

II.     JURISDICTION AND VENUE ............................................................................2

III.    PARTIES ................................................................................................................4

IV.     FACTUAL BACKGROUND .................................................................................6

    A.    THE 2014 CO-INVESTMENT AGREEMENT .....................................................6

    B.    DEFENDANTS' IMMEDIATE BREACH AND EARLY PRESSURE CAMPAIGN ...................7

    C.    HARASSMENT, EMOTIONAL COERCION, AND UNDUE INFLUENCE .................8

    D.    ESCALATION OF THREATS, HOME INTRUSIONS, AND LEGAL INTIMIDATION ............9

    E.    FRAUDULENT CRIMINAL COMPLAINT AND $6 MILLION DEMAND .................10

    F.    FAILED RESOLUTION ATTEMPTS AND CONTINUED EXTORTION .................11

    G.    2024 PAYMENTS AND FURTHER BETRAYAL .................................................12

    H.    HARM SUFFERED BY PLAINTIFF ...................................................................13

V.      LEGAL STANDARD FOR A COMPLAINT ....................................................13

VI.     LEGAL ARGUMENTS .......................................................................................15

    I.    DECLARATORY RELIEF (TERMINATION OF CONTRACT) ...........................15

    J.    CIVIL EXTORTION ............................................................................................16

    K.    DEFAMATION ....................................................................................................18

    L.    INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED) .....................19

    M.    INJUNCTIVE RELIEF .........................................................................................20

    N.    ABUSE OF PROCESS .........................................................................................22

    O.    TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE ............23

    P.    CIVIL CONSPIRACY .........................................................................................25

VII.    PRAYER FOR RELIEF ......................................................................................26

VIII.   VERIFICATION ..................................................................................................28

IX.     CERTIFICATE OF SERVICE ............................................................................29

CASES

Agis v. Howard Johnson Co., 371 Mass. 140 (1976) ...............................................................19

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ............................................................................13

Barquis v. Merchants Collection Ass'n, 7 Cal. 3d 94 (1972); ..................................................22

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ....................................................13

BellSouth Telecomms., Inc. v. MCIMetro Access Transmission Servs., LLC, 425 F.3d 964 (11th Cir. 2005) ..21

Bothmann v. Harrington, 458 So. 2d 1163 (Fla. 4th DCA 1984); ...........................................22

Charles v. Fla. Foreclosure Placement Ctr., LLC, 988 So. 2d 1157 (Fla. 3d DCA 2008); .................25

Doctors' Co. v. Superior Court, 49 Cal. 3d 39 (1989) ..............................................................25

Erickson v. Pardus, 551 U.S. 89, 94 (2007) ............................................................................13

Estelle v. Gamble, 429 U.S. 97, 106 (1976) ............................................................................13
Ethan Allen, Inc. v. Georgetown Manor, Inc., 647 So. 2d 812 (Fla. 1994); ........................23
Flatley v. Mauro, 39 Cal. 4th 299 (2006) .............................................................................16
Gertz v. Robert Welch, Inc., 418 U.S. 323, 342 (1974) ........................................................18
Haines v. Kerner, 404 U.S. 519, 520 (1972) .........................................................................13
Hughes v. Pair, 46 Cal. 4th 1035 (2009) ..............................................................................19
Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134 (2003 .................................24
Liappas v. Augoustis, 47 So. 2d 582 (Fla. 1950) ..................................................................25
Lovingood v. Discovery Comms., Inc., 800 F. App'x 840 (11th Cir. 2020). .........................18
Metropolitan Life Ins. Co. v. McCarson, 467 So. 2d 277 (Fla. 1985); ................................19
Odorizzi v. Bloomfield School Dist., 246 Cal. App. 2d 123 (1966) ......................................15
Oppenheimer v. Morton Hotel Corp., 324 So. 2d 766 (Fla. 3d DCA 1976 ..........................22
Smith v. Ocean State Bank, 335 So. 2d 641 (Fla. 1st DCA 1976). .......................................23
Taylor v. State Farm Mut. Auto. Ins. Co., 867 F.3d 274 (2d Cir. 2017) ..............................15
Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008); ................................21

## STATUTES

28 U.S.C. § 1332(a)(2) ...........................................................................................................2
28 U.S.C. § 1391(b)(2) ...........................................................................................................3
28 U.S.C. § 1651 ...................................................................................................................21
28 U.S.C. § 1746 ...................................................................................................................27
28 U.S.C. § 2201 .............................................................................................................14, 26
Cal. Civ. Code § 1708 ...........................................................................................................19
California Code of Civil Procedure § 527.6 ..........................................................................21
California Penal Code § 518 ..................................................................................................16
Federal Rule of Civil Procedure 4(k)(2) .................................................................................3
Federal Rule of Civil Procedure 8(a) ....................................................................................13
Fla. Stat. § 784.048 ...............................................................................................................19
Florida Statutes § 784.0485 ..................................................................................................21
Restatement (Second) of Torts § 46 cmt. d ..........................................................................19
Restatement (Second) of Torts § 558 ....................................................................................18
Restatement (Second) of Torts § 766B ..................................................................................24
Restatement (Second) of Torts § 871 ....................................................................................17
Restatement (Second) of Torts § 876 ....................................................................................25
California Civil Code § 1689(b)(2)          15

Restatement (Second) of Contracts § 261          15

## RULES

Federal Rule of Civil Procedure 5(b): ...................................................................................28
Federal Rule of Civil Procedure 65 .......................................................................................20
Rule 12(b)(6) ..........................................................................................................................13

## I.     INTRODUCTION

**1.**     This is a civil action arising from a written Co-Investment Agreement entered into on February 26, 2014, between Plaintiff, **Daniel Quiroz**, and Defendants, **Roberto Antonio Contreras Rosa, Uvaldo Matute Lagos, Johel Antonio Zelaya Alvarez,** and **Eduardo Enrique Reina Garcia,** concerning the placement of a Brazilian National Treasury Bill (LTN) on the financial market for profit-sharing purposes.

**2.**     Under the express terms of the agreement, Plaintiff **Daniel Quiroz** and Defendant, **Roberto Antonio Contreras Rosa,** assumed responsibility for their own investment risks, liabilities, and potential profits and agreed to collaborate in good faith without creating personal financial obligations or guarantees. Despite these terms, Defendants **Roberto Antonio Contreras Rosa, Uvaldo Matute Lagos, Johel Antonio Zelaya Alvarez,** and **Eduardo Enrique Reina Garcia** has engaged in a sustained and unlawful campaign of **harassment, threats, coercion, defamation, and extortion** against Plaintiff over a period of more than ten years, both in the United States and in Honduras.

**3.**     Plaintiff brings this action pro se to recover funds extorted under duress, to seek compensatory and punitive damages for reputational and financial harm, to obtain declaratory and injunctive relief, including cancellation of the 2014

agreement, and to hold Defendants accountable for violations of civil law and Plaintiff's rights under U.S. jurisdiction.

4.      This case involves substantial questions of contract law, tortious conduct, and personal protection that merit the intervention of this Honorable Court.

## II.    JURISDICTION AND VENUE

5.      This Court has **subject matter jurisdiction** over this action pursuant to **28 U.S.C. § 1332(a)(2)**, which confers jurisdiction on federal district courts over civil actions between citizens of a U.S. state and citizens or subjects of a foreign state, where the amount in controversy exceeds **$75,000**, exclusive of interest and costs.

6.      Plaintiff **Daniel Quiroz** is a **natural person and citizen of the United States**, residing within the State of **Florida**, in the **Middle District of Florida**. At all relevant times, Plaintiff has maintained permanent residence and conducted business from this District. Plaintiff is not a citizen of any foreign state.

7.      Defendants **Roberto Antonio Contreras Rosa, Uvaldo Matute Lagos, Johel Antonio Zelaya Alvarez, and Eduardo Enrique Reina Garcia** are **citizens and residents of the Republic of Honduras**, with no legal presence or permanent residence in the United States. Defendants do not reside in Florida or any

2

other U.S. state and is therefore a foreign national for the purposes of diversity jurisdiction under federal law.

8.    The amount in controversy in this action exceeds the jurisdictional minimum of **$75,000**, as Plaintiff seeks recovery of approximately **$200,000** in extorted payments made to Defendants over a period of years, as well as an additional **$75,000** in damages for legal expenses, travel costs, lost business opportunities, and emotional distress. Plaintiff also seeks punitive damages, declaratory and injunctive relief, and any other relief deemed appropriate by this Court.

9.    This Court has **personal jurisdiction** over Defendants pursuant to **Federal Rule of Civil Procedure 4(k)(2)**. Defendants are foreign national not subject to the jurisdiction of any single state court within the United States. This lawsuit arises under federal law and involves conduct directed toward and having an effect in the United States, including extortionate demands and threats communicated across international borders into the United States, including this District. The exercise of jurisdiction over Defendants is consistent with the **Due Process Clause** of the Fifth Amendment and applicable federal law.

10.    In addition, Defendants have **purposefully availed** themselves of the privilege of conducting activities within the United States, including

communications, threats, legal maneuvers, and monetary demands targeted at Plaintiff while he was residing in Florida. These acts give rise to the claims asserted in this action and establish a sufficient connection between Defendants and this forum.

11.    Venue is proper in this Court pursuant to **28 U.S.C. § 1391(b)(2)** because a substantial part of the events, omissions, and injuries giving rise to Plaintiff's claims occurred within the **Middle District of Florida**. This includes Plaintiff's receipt of threatening communications and extortionate demands, Plaintiff's transfer of funds from financial institutions located in the United States and this district, and the consequential damages suffered by Plaintiff while residing here.

12.    Given the international nature of the claims, the presence of foreign parties, and the damages suffered within this District, the Middle District of Florida is the most appropriate and convenient forum for the resolution of this matter.

## III.    PARTIES

13.    **Plaintiff, Daniel Quiroz**, is a natural person and citizen of the **United States**, residing in the **State of Florida**, within the jurisdiction of the Middle District of Florida. Plaintiff is a business professional and investor who, at all relevant times, acted in his individual capacity and, where applicable, on behalf of **Natura**

4

**International Inc.**, a California corporation (Entity #3318342), which he represented in a 2014 co-investment agreement with Defendant.

14.    Plaintiff has no prior criminal history, has built a professional reputation for integrity and entrepreneurial collaboration, and has consistently fulfilled his contractual and legal obligations. The plaintiff has suffered significant financial, reputational, emotional, and legal harm as a direct result of Defendants' conduct, both within and outside the United States.

15.    Defendants, **Roberto Antonio Contreras Rosa, Uvaldo Matute Lagos, Johel Antonio Zelaya Alvarez, and Eduardo Enrique Reina Garcia**, are natural persons and citizens of the **Republic of Honduras**, who reside and conduct their business activities primarily in **the Republic of Honduras**.

16.    At all relevant times, Defendant **Roberto Antonio Contreras Rosa** held himself out as an experienced investor and a man of honor, persuading Plaintiff to enter into a co-investment agreement involving the placement of a Brazilian financial instrument known as a **LTN (Letra do Tesouro Nacional)**. See. *Curriculum vitae here attached*. Despite voluntarily entering the agreement with full knowledge of the associated risks, Defendant has repeatedly violated the agreement's terms by demanding repayment of his investment, exerting undue pressure, and resorting to threats, harassment, and the use of corrupt government

actors to coerce Plaintiff, **these corrupt actors are the Defendants Uvaldo Matute Lagos, Johel Antonio Zelaya Alvarez, and Eduardo Enrique Reina Garcia**.

17.     Defendants has no lawful residence or permanent establishment in the United States but have purposefully directed their conduct toward the United States and towards Plaintiff while Plaintiff resided in Florida. Defendants' actions include cross-border extortionate communications, false accusations, interference with Plaintiff's freedom of movement, and use of foreign criminal and civil processes as tools of coercion.

18.     Defendants have leveraged their political influence, financial resources, and access to corrupt actors including president **Xiomara Castro de Zelaya, Rixi Ramona Moncada Godoy, Enrique Flores Lanza** and his wife Supreme Court Justice **Sonia Marlina Dubon** named on last year in the U.S. Congressional Engle List, and other actors within the Honduran legal and law enforcement system to harass and intimidate Plaintiff and his family. These actions have created a credible threat to Plaintiff's liberty, safety, and financial security and have caused continuing injuries within the jurisdiction of this Court.

## IV.     FACTUAL BACKGROUND

### A.     THE 2014 CO-INVESTMENT AGREEMENT

19.    On or about **February 26, 2014**, Plaintiff **Daniel Quiroz**, acting in his capacity as a representative of **Natura International Inc.,** a California-registered corporation, entered into a **Private Co-Investment Agreement** (the "Agreement") with Defendant **Roberto Antonio Contreras Rosa**, a citizen of Honduras. The contract governed a joint effort to place a **Brazilian Letra do Tesouro Nacional (LTN)** — a national treasury bill — on the international market, with the intent of yielding shared profits if successful.

20.    The Agreement was structured as a **co-investment**, where each party voluntarily assumed responsibility for their own capital contributions, expenses, liabilities, and risks. It explicitly stated that no party guaranteed profits, assumed another's liabilities, or bore responsibility for third-party obligations. The contract had a fixed term of **five years**, subject to mutual extension, and included a dispute resolution clause requiring **arbitration under California law** in the event of disagreement.

**Exhibit A** – Copy of the Co-Investment Agreement dated February 26, 2014.

## B.    DEFENDANTS' IMMEDIATE BREACH AND EARLY PRESSURE CAMPAIGN

21.    Despite voluntarily entering the Agreement and acknowledging the speculative nature of the transaction, Defendant began **demanding a return of his**

**investment within weeks**. He ignored the Agreement's clear risk-sharing provisions and treated the business relationship as one of guaranteed return, contrary to both the written terms and the parties' understanding.

22.    Defendant, citing personal financial stress, began to **contact Plaintiff persistently**, claiming financial emergencies and urging that his funds be returned in part or in full. To avoid escalating tension and based on good faith, Plaintiff began sending periodic payments despite being under **no legal obligation** to do so.

Exhibit B – Bank transfer receipts showing partial repayments from Plaintiff to Defendant.

## C.    HARASSMENT, EMOTIONAL COERCION, AND UNDUE INFLUENCE

23.    From **2014 through 2016**, Defendants' demands continued and became emotionally manipulative. Defendant insisted Plaintiff bear the burden of his financial difficulties, stating that once he received a $2 million government payment owed to him in Honduras, he would stop making demands. Despite Defendant recovering approximately **$1.5 million** (with Plaintiff's assistance), he resumed pressure and demands shortly thereafter.

24.    Plaintiff and Defendant reached a **verbal agreement in 2016** whereby Plaintiff assisted in recovering the Honduran Social Security funds in exchange for

cessation of the financial demands. However, Defendant **reneged on this understanding**, continuing to extract money through emotional appeals, ultimately amounting to hundreds of thousands of dollars paid under pressure and in good faith.

**Exhibit C** – Letter from Honduran attorney confirming Plaintiff's assistance in social security recovery and non-closure of the business deal.

## D.    ESCALATION OF THREATS, HOME INTRUSIONS, AND LEGAL INTIMIDATION

25.    From **2017 to 2022**, Defendant escalated from financial pressure to direct **threats of litigation, seizure, and public humiliation**. He traveled to Plaintiff's residence in Honduras multiple times, often accompanied by lawyers and in some instances **armed individuals**, to photograph Plaintiff's home and assess its value for an intended seizure. Defendant also entered Plaintiff's home **without consent**, taking inventory of his belongings and making verbal threats in the presence of family members and workers.

26.    Defendant threatened to place Plaintiff on **immigration alert**, arrange for his deportation, and even involved third parties, including, Defendants Uvaldo Matute Lagos, Johel Antonio Zelaya Alvarez, and Eduardo Enrique Reina Garcia accomplices Xiomara Castro de Zelaya, Rixi Ramona Moncada Godoy, Enrique Flores Lanza and his wife Supreme Court Justice Sonia Marlina Dubon, **lawyers**

**and corrupt law enforcement officers**, to initiate civil and criminal processes. Defendant made it known to the community that he intended to seize Plaintiff's property and regularly told others that Plaintiff was a fraud and criminal, severely damaging Plaintiff's reputation and peace of mind.

**Exhibit D** – Affidavits from witnesses and neighbors attesting to Defendants' visits and armed intrusion.

**Exhibit E** – Photos taken by Defendant or his affiliates of Plaintiff's property and belongings.

### E.    FRAUDULENT CRIMINAL COMPLAINT AND $6 MILLION DEMAND

27.    In **May 2022**, Defendants filed a **fraud complaint** against Plaintiff with local police in **Siguatepeque, Honduras**, resulting in Plaintiff traveling to Honduras to submit a sworn statement. The local police, upon review, informed Plaintiff that the complaint lacked substantive merit and appeared designed to exert **economic pressure** rather than to report an actual crime.

28.    Despite this, Defendant pursued the matter through the **Public Prosecutor's Office**, where a conciliation hearing was held on **November 29, 2022**. During the hearing, Defendant **demanded $6,000,000 USD** to drop the case, a figure completely disconnected from his initial investment. Plaintiff provided documentary

evidence showing that the business transaction had never closed, that no profits were realized, and that his contractual obligations had been fulfilled.

**Exhibit F** – Plaintiff's statement to the Public Prosecutor's Office in Honduras.

**Exhibit G** – Summary of LTN investment status and proof of non-closure.

## F.    FAILED RESOLUTION ATTEMPTS AND CONTINUED EXTORTION

29.    In **August 2023**, the parties reached a **verbal agreement** whereby Plaintiff would **donate $120,000** in exchange for the dismissal of the Honduran criminal complaint. On **August 9, 2023**, the parties met at Defendants' attorney's office to formalize the deal; however, Defendant **refused to sign any document**, expressing concern that Plaintiff would use it to reduce the matter to civil litigation. Nonetheless, Plaintiff reiterated his commitment in front of the Honduran prosecutor.

30.    Instead of honoring the agreement, Defendants appeared in court the next day and asked the prosecutor to move forward with the fraud charges. Subsequently, a **criminal indictment, arrest warrant, immigration alert, and Interpol red notice** were issued against Plaintiff based on false and malicious

claims, creating immediate and dangerous consequences for Plaintiff's freedom and safety.

**Exhibit H** – Proof of verbal agreement negotiation and communication with Honduran prosecutor.

**Exhibit I** – Copy of arrest warrant, immigration alert, or red notice if available.

## G.    2024 PAYMENTS AND FURTHER BETRAYAL

31.    In early **2024**, Defendant again claimed he would withdraw the complaint if Plaintiff paid legal fees owed to his attorneys. Plaintiff, in reliance on this promise, paid approximately **$10,000** via intermediaries. However, Defendant once again reneged, claiming that the prosecutor refused to accept the agreement and resumed his **extortionate demands**, this time for "millions."

32.    On **September 27, 2024**, Defendant issued a written demand for additional money under threat of further criminal prosecution and international arrest actions. This ongoing extortion, now in its tenth year, continues to cause **irreparable harm** to Plaintiff's personal liberty, family integrity, business interests, and psychological well-being.

**Exhibit J** – Letter from Defendant dated September 27, 2024, demanding further payments.

## H.    HARM SUFFERED BY PLAINTIFF

**33.**    As a result of Defendants' conduct, Plaintiff has been unable to travel to Honduras for more than **two years**, resulting in the **loss of approximately $150,000** in business investments and income. Plaintiff has also been unable to visit his **elderly father**, who will turn **99 years old** on **June 20, 2025**.

**34.**    Defendants' repeated **defamation**, including calling Plaintiff a "thief" and "fraudster" in front of mutual acquaintances, clients, and the public, has resulted in the **loss of goodwill**, relationships, and standing in the community. This harm is ongoing and has significantly impacted Plaintiff's personal and professional life.

**Exhibit K** – Witness statements regarding defamation and loss of business reputation.

## V.    LEGAL STANDARD FOR A COMPLAINT

**35.**    Under **Federal Rule of Civil Procedure 8(a),** a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This rule does not require detailed factual allegations, but it does demand more than unadorned accusations or legal conclusions.

**36.**    The U.S. Supreme Court, in **Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007),** held that a complaint must allege "enough facts to state a claim to relief that is plausible on its face." A plausible claim is one that allows the court to

reasonably infer that the defendant is liable for the alleged misconduct. The standard is not whether the plaintiff will ultimately prevail but whether the factual allegations "raise a right to relief above the speculative level."

37.    In **Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009),** the Court clarified that plausibility requires more than a sheer possibility of liability; it requires factual content that permits the court to draw a reasonable inference that the defendant is liable. Legal conclusions must be supported by well-pleaded facts.

38.    When reviewing a complaint under **Rule 12(b)(6)** for failure to state a claim, courts accept all well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. See **Erickson v. Pardus, 551 U.S. 89, 94 (2007).** A pro se litigant's filings are held to a more lenient standard than those prepared by attorneys and must be liberally construed. See **Haines v. Kerner, 404 U.S. 519, 520 (1972); Estelle v. Gamble, 429 U.S. 97, 106 (1976).**

39.    In this case, Plaintiff's complaint more than satisfies the minimal pleading requirements set forth by Rule 8. Plaintiff has presented a detailed factual narrative spanning over ten years, supported by documents and specific events. These facts, when taken as true, clearly support plausible claims for breach of contract, extortion, defamation, emotional distress, and other causes of action.

40.    Accordingly, Plaintiff's claims are properly pleaded and meet the legal threshold for proceeding beyond the pleading stage.

## VI.    LEGAL ARGUMENTS

### I.    DECLARATORY RELIEF (TERMINATION OF CONTRACT)

**41.**    Plaintiff seeks a declaratory judgment under **28 U.S.C. § 2201**, which empowers federal courts to "declare the rights and other legal relations of any interested party" in cases of actual controversy. A valid controversy exists regarding the continued enforceability of the **Profit-Sharing Agreement (PSA)** executed on February 26, 2014, between Plaintiff and Defendant. This agreement, governed by California law, outlined a high-risk co-investment in Brazilian National Treasury Bills (LTNs), with each party assuming independent liability for their own contributions and profits. Importantly, the PSA imposed **no legal duty** on Plaintiff to guarantee or return Defendants' investment. Its term was five years, terminable upon legal conflict or mutual withdrawal, and contained an arbitration clause under California law.

**42.**    The subject transaction never closed, due to capital constraints and external market conditions. Defendant, fully aware of the risks and agreement terms, later exploited the legal ambiguity to extort repeated payments from Plaintiff— amounting to nearly **$200,000**—despite the fact that no profit was ever realized. Under **California Civil Code § 1689(b)(2)**, a contract may be rescinded if the consideration fails or the contract is used for unlawful coercion. Courts routinely recognize that a contract becomes voidable or terminated when a party uses it to

perpetrate **economic duress** or **unjust enrichment**. See **Odorizzi v. Bloomfield School Dist., 246 Cal. App. 2d 123 (1966)** (duress invalidates contractual consent); **Taylor v. State Farm Mut. Auto. Ins. Co., 867 F.3d 274 (2d Cir. 2017)** (judicial declaration appropriate to resolve contractual uncertainty); **Restatement (Second) of Contracts § 261** (performance excused where impracticability arises).

43.    Plaintiff respectfully requests that this Court declare that (a) the PSA is terminated and legally unenforceable; (b) Plaintiff owes no further obligations or payments to Defendant; and (c) any alleged verbal extensions or implied obligations are void as a matter of law due to **duress, impossibility of performance**, and the expiration of the underlying contract. A declaratory judgment will protect Plaintiff's rights under federal and state law and deter Defendant from further misuse of the agreement for extortionate purposes.

## J.    CIVIL EXTORTION

44.    Plaintiff brings a claim for **civil extortion**, a tort recognized under both California and Florida law when one party obtains money or something of value from another through threats, coercion, or misuse of legal authority. Under **California Penal Code § 518**, extortion is defined as "the obtaining of property from another, with his consent, induced by a wrongful use of force or fear." Section 519 outlines threats sufficient to constitute extortion, including those involving accusations of crime, exposure to disgrace, or harm to person or property. In **Flatley**

**v. Mauro, 39 Cal. 4th 299 (2006)**, the California Supreme Court affirmed that civil extortion is actionable where the defendant uses baseless legal threats to extract funds from another party.

45.    In this case, Defendant persistently used **threats of arrest, Interpol red alerts, false criminal complaints,** and **manipulation of Honduran authorities** to compel Plaintiff to pay amounts he was not legally obligated to pay under the Profit-Sharing Agreement. Defendants' actions escalated from verbal threats to **in-person intimidation, armed visits,** and the **bribery of police officers and prosecutors** to fabricate legal pressure. These acts were not aimed at vindicating legitimate claims but at coercing payments through fear of unlawful detention, asset seizure, and reputational destruction. Such conduct squarely falls within the scope of extortion as recognized in **Restatement (Second) of Torts § 871**, which holds one liable for obtaining a benefit through unlawful threats or misuse of power.

46.    The payments made by Plaintiff—approximately **$200,000** over the course of several years—were not voluntary but extracted through a campaign of fear and coercion. Plaintiff therefore seeks **compensatory and punitive damages** for civil extortion, as well as an order from this Court enjoining Defendant from further attempts to collect money through unlawful threats or abuse of process. Plaintiff also reserves the right to seek treble damages if authorized by statute, depending on the findings of fact at trial.

## K.    DEFAMATION

**47.**    Plaintiff brings a cause of action for **defamation**, asserting that Defendant knowingly made **false and malicious statements** to third parties, law enforcement, prosecutors, and others, portraying Plaintiff as a **fraudster**, **criminal**, and **thief**, despite having no legal or factual basis for such claims. These statements were made both orally and in writing, with the clear intent to damage Plaintiff's personal and professional reputation.

**48.**    The **legal standard for defamation** requires the Plaintiff to establish:

**a)**    **A false statement** concerning the Plaintiff;

**b)**    **Publication** of that statement to a third party;

**c)**    **Fault** amounting at least to negligence on the part of the defendant; and

**d)**    **Damages**, or harm caused to the reputation of the plaintiff. See **Restatement (Second) of Torts § 558; Lovingood v. Discovery Comms., Inc., 800 F. App'x 840 (11th Cir. 2020).** Where the statement involves a matter of public concern or affects a public figure, **actual malice** must be shown—that is, the statement was made with knowledge of its falsity or with reckless disregard for the truth. See **Gertz v. Robert Welch, Inc., 418 U.S. 323, 342 (1974).**

**49.**    Defendants' defamatory statements were made repeatedly, with malice, and were unprivileged. They were intended to discredit Plaintiff and to support an

extortionate scheme by creating reputational pressure and legal jeopardy. The harm was substantial: Plaintiff has suffered **irreparable injury** to his reputation, **loss of economic opportunities**, and **emotional distress**, particularly in Honduras where Defendant publicly spread these falsehoods. Plaintiff seeks **compensatory damages**, **punitive damages**, and any further relief this Court deems just.

## L.    INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)

**50.**    Plaintiff brings this action for **Intentional Infliction of Emotional Distress (IIED)**, based on Defendants' repeated, deliberate, and egregious acts of psychological and physical intimidation. These included dispatching **armed men** to Plaintiff's home in Honduras, bribing local police for illegal raids, threatening Plaintiff with arrest, **Interpol Red Notices**, deportation, and fabricated criminal charges—all as part of an orchestrated scheme to **coerce financial payments** that were not contractually or legally owed. These threats also extended to Plaintiff's family, who were present and traumatized during the intrusions.

**51.**    Under both **Florida** and **California** law, the elements of IIED include: (1) **extreme and outrageous conduct**, (2) **intentional or reckless infliction** of emotional distress, and (3) the plaintiff's experience of **severe emotional suffering**. See **Metropolitan Life Ins. Co. v. McCarson, 467 So. 2d 277 (Fla. 1985); Hughes v. Pair, 46 Cal. 4th 1035 (2009); Agis v. Howard Johnson Co., 371 Mass. 140**

extortionate scheme by creating reputational pressure and legal jeopardy. The harm was substantial: Plaintiff has suffered **irreparable injury** to his reputation, **loss of economic opportunities**, and **emotional distress**, particularly in Honduras where Defendant publicly spread these falsehoods. Plaintiff seeks **compensatory damages**, **punitive damages**, and any further relief this Court deems just.

**L.    INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)**

**50.**    Plaintiff brings this action for **Intentional Infliction of Emotional Distress (IIED)**, based on Defendants' repeated, deliberate, and egregious acts of psychological and physical intimidation. These included dispatching **armed men** to Plaintiff's home in Honduras, bribing local police for illegal raids, threatening Plaintiff with arrest, **Interpol Red Notices**, deportation, and fabricated criminal charges—all as part of an orchestrated scheme to **coerce financial payments** that were not contractually or legally owed. These threats also extended to Plaintiff's family, who were present and traumatized during the intrusions.

**51.**    Under both **Florida** and **California** law, the elements of IIED include: (1) **extreme and outrageous conduct**, (2) **intentional or reckless infliction** of emotional distress, and (3) the plaintiff's experience of **severe emotional suffering**. See **Metropolitan Life Ins. Co. v. McCarson, 467 So. 2d 277 (Fla. 1985); Hughes v. Pair, 46 Cal. 4th 1035 (2009); Agis v. Howard Johnson Co., 371 Mass. 140**

**(1976).** The conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency," per **Restatement (Second) of Torts § 46 cmt. d**. Additionally, **Cal. Civ. Code § 1708** imposes liability on those who, by an act of willful misconduct, cause injury to another. **Fla. Stat. § 784.048** criminalizes repeated harassment and stalking intended to cause substantial emotional distress, and while a criminal statute, it supports a civil claim based on the same conduct.

52.     Defendants' actions were not only outrageous but dangerous, sustained over nearly a decade, and involved unlawful manipulation of law enforcement and judicial processes in a foreign country, resulting in **ongoing trauma, anxiety, insomnia, business loss, and inability to travel**. Plaintiff's emotional distress is severe and well-documented, and includes fear for his life and safety, social isolation, and financial ruin. Defendants' conduct was intentional, malicious, and designed to break Plaintiff's will. Plaintiff seeks **general and special damages, punitive damages** under Florida and California law, and any further equitable relief this Court deems appropriate to remedy this extreme and willful harm.

## M.    INJUNCTIVE RELIEF

53.     Plaintiff seeks **permanent injunctive relief** pursuant to **Federal Rule of Civil Procedure 65**, enjoining Defendant from continuing to engage in unlawful harassment, defamation, extortion, or interference with Plaintiff's personal safety,

property, and liberty. Plaintiff requests that the Court order Defendant to cease all direct and indirect communications with Plaintiff, including communications through attorneys or intermediaries, and to refrain from pursuing any further abusive legal or immigration actions aimed at coercing Plaintiff into payment. Plaintiff also seeks an order preventing Defendant from entering or attempting to enter the United States, based on the credible threat he poses to Plaintiff's physical and emotional safety.

54.    The standard for granting injunctive relief requires Plaintiff to show: (1) a substantial likelihood of success on the merits; (2) a risk of **irreparable harm** in the absence of an injunction; (3) that the balance of hardships favors the Plaintiff; and (4) that an injunction would not disserve the public interest. See **Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008); BellSouth Telecomms., Inc. v. MCIMetro Access Transmission Servs., LLC, 425 F.3d 964 (11th Cir. 2005).** All four factors are met here. Defendant has repeatedly used unlawful tactics to threaten Plaintiff with legal harm, financial ruin, and reputational destruction. The harm is **ongoing**, not compensable by money damages alone, and affects Plaintiff's safety, dignity, and freedom of movement.

55.    Statutory analogues supporting injunctive relief include **Florida Statutes § 784.0485** (injunctions for protection against stalking or harassment) and **California Code of Civil Procedure § 527.6** (permitting restraining orders where a

person has suffered harassment). Under the **All Writs Act, 28 U.S.C. § 1651**, federal courts also have authority to issue orders "in aid of their respective jurisdictions." Plaintiff respectfully requests the Court issue a permanent injunction to protect him and his family from future intimidation, interference, and retaliatory legal abuse by Defendant, and to help restore Plaintiff's ability to safely engage in personal and professional activities.

### N.    ABUSE OF PROCESS

56.    Plaintiff alleges that Defendant engaged in **abuse of process** by misusing legitimate legal procedures—specifically, filing false criminal complaints, fabricating legal debts, and manipulating public authorities in Honduras and abroad—not to secure justice, but to **coerce unlawful payments** and extract leverage over Plaintiff. Defendant used the threat of arrest warrants, immigration blocks, and even **Interpol Red Alerts** as tools of extortion. These actions were not taken in good faith, but were part of a deliberate effort to cause harm and induce compliance through fear and legal intimidation.

57.    Under both **Florida** and **California** law, abuse of process requires: (1) the **willful use of legal process** for an ulterior or improper purpose; and (2) an act that is not proper in the regular conduct of the proceeding. See **Bothmann v. Harrington, 458 So. 2d 1163 (Fla. 4th DCA 1984); Barquis v. Merchants Collection Ass'n, 7 Cal. 3d 94 (1972); Oppenheimer v. Morton Hotel Corp., 324**

**So. 2d 766 (Fla. 3d DCA 1976);** Restatement (Second) of Torts § 682. Defendants'
use of criminal complaints—after receiving substantial payments—served no
legitimate legal purpose and was pursued solely to maintain pressure on Plaintiff.
Defendant refused to resolve disputes via civil arbitration as required by the 2014
PSA, opting instead to weaponize the criminal justice system abroad.

58.    As a result of Defendants' abuse of process, Plaintiff has suffered
**severe emotional distress**, **reputational damage**, **loss of liberty**, and **financial
losses** including legal expenses and lost business opportunities. Plaintiff has also
been deprived of the ability to safely visit his family, including his elderly father.
Plaintiff seeks **compensatory and punitive damages** for this intentional misuse of
legal authority, and for the resulting personal and professional harm caused by
Defendants' misconduct.

## O.  TORTIOUS    INTERFERENCE    WITH    PROSPECTIVE ECONOMIC ADVANTAGE

59.    Plaintiff brings a claim for **tortious interference with prospective
economic advantage**, based on Defendants' intentional and malicious actions that
disrupted Plaintiff's ongoing and expected business relationships in Honduras. As a
direct result of Defendants' defamatory statements, legal threats, and armed
intimidation, local contractors, investors, and business associates refused to
complete agreements or proceed with ventures involving Plaintiff. Defendants'

conduct directly undermined Plaintiff's ability to carry out real estate, trade, and service projects—causing quantifiable loss in anticipated income and investment returns.

60.    Under Florida law, to state a claim for tortious interference, Plaintiff must show: (1) the existence of a valid business relationship or expectancy; (2) Defendants' knowledge of that relationship; (3) intentional and unjustified interference; and (4) resulting damage. See **Ethan Allen, Inc. v. Georgetown Manor, Inc., 647 So. 2d 812 (Fla. 1994); Smith v. Ocean State Bank, 335 So. 2d 641 (Fla. 1st DCA 1976).** California applies a similar standard, requiring proof that the defendant intentionally engaged in wrongful conduct designed to disrupt the plaintiff's economic expectancy. See **Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134 (2003); Restatement (Second) of Torts § 766B.** Defendant knew of Plaintiff's business interests in Honduras, and purposefully derailed them by portraying Plaintiff as a fraud and criminal, visiting his property with armed men, and publicly claiming he would seize or auction Plaintiff's home.

61.    Plaintiff reasonably expected to earn income from the development, sale, and lease of assets in Honduras, and had active relationships with vendors and investors who later withdrew due to Defendants' campaign of intimidation and disinformation. The damage from these lost opportunities exceeds **$150,000** and continues to grow. Plaintiff seeks **economic damages**, including lost profits, and

**punitive damages** for Defendants' malicious intent and interference with Plaintiff's lawful business activities.

### P.    CIVIL CONSPIRACY

62.    Plaintiff brings a cause of action for **civil conspiracy**, alleging that Defendant Roberto Contreras Rosa acted in concert with other individuals— including local **lawyers, police officers**, and possibly **prosecutors and judges in Honduras**—to carry out a coordinated scheme to threaten, intimidate, defame, and extort Plaintiff. This conspiracy included the illegal entry and inspection of Plaintiff's property, armed visits, and the pursuit of baseless criminal charges designed to extract financial payments. These co-conspirators worked together with shared intent, and their collective acts caused significant harm to Plaintiff in both Honduras and the United States.

63.    Under Florida and California law, civil conspiracy requires: (1) an agreement between two or more parties; (2) to accomplish an unlawful objective or a lawful objective by unlawful means; (3) an overt act in furtherance of the conspiracy; and (4) resulting damages to the plaintiff. See **Charles v. Fla. Foreclosure Placement Ctr., LLC, 988 So. 2d 1157 (Fla. 3d DCA 2008); Doctors' Co. v. Superior Court, 49 Cal. 3d 39 (1989); Liappas v. Augoustis, 47 So. 2d 582 (Fla. 1950); Restatement (Second) of Torts § 876.** In this case, Defendants' coordinated efforts with state actors and legal professionals in Honduras

went far beyond isolated actions—demonstrating a premeditated plan to misuse power, manipulate justice, and inflict harm.

64.     Plaintiff suffered tangible and intangible damages as a direct result of this unlawful conspiracy, including emotional trauma, lost business opportunities, financial costs related to defense and travel, and damage to personal and professional reputation. Defendant should be held jointly and severally liable with his co-conspirators for the full scope of injuries caused. Plaintiff seeks **compensatory and punitive damages**, as well as any additional relief the Court deems necessary to remedy the consequences of this calculated and malicious collective effort.

## VII.     PRAYER FOR RELIEF

65.     WHEREFORE, Plaintiff **Daniel Quiroz**, appearing **pro se**, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant **Roberto Antonio Contreras Rosa**, and grant the following relief:

a)     **Declaratory Judgment** pursuant to **28 U.S.C. § 2201** declaring that:

66.     The 2014 Profit-Sharing Agreement between the parties is **terminated and unenforceable**;

67.     Plaintiff has no further obligations, financial or otherwise, under said agreement or any subsequent verbal or implied arrangement; and

**68.** All claims and demands by Defendant based on the agreement are without legal merit.

**b)** **Compensatory damages** in an amount to be proven at trial, but not less than:

**69.** **$200,000** for coerced and extorted payments made by Plaintiff under duress;

**70.** **$75,000** for travel expenses, legal fees, and related costs arising from Defendants' conduct;

**71.** **$150,000** in lost business opportunities, income, and property use.

**c)** **General damages** for emotional distress, pain and suffering, and reputational harm, in an amount to be determined by the trier of fact.

**d)** **Punitive damages** for Defendants' willful, malicious, and oppressive conduct, including defamation, extortion, abuse of process, and civil conspiracy.

**e)** **Permanent injunctive relief** pursuant to Federal Rule of Civil Procedure 65, enjoining Defendant from:

**72.** Initiating or pursuing further direct or indirect contact with Plaintiff;

**73.** Continuing defamatory statements or threats against Plaintiff;

**74.** Attempting to enter the United States or contact U.S. authorities to pursue coercive actions.

**f)** **Prejudgment and post judgment interest** as allowed by law.

**g)** **Reasonable costs and fees**, to the extent permitted by applicable law or equity.

**h)** Such **other and further relief** as this Court may deem just and proper.

## VIII.    VERIFICATION

**75.** I, **Daniel Quiroz**, the Plaintiff in the above-captioned matter, hereby declare under penalty of perjury under the laws of the United States of America, pursuant to **28 U.S.C. § 1746**, that I have read the foregoing Complaint and that the facts stated herein are true and correct to the best of my knowledge, information, and belief.

Executed on this 17th day of June, 2025.

**Daniel Quiroz**
Pro Se Plaintiff
P.O. Box 203
Dunnellon, FL 34430-0203

## IX.    CERTIFICATE OF SERVICE

**76.**    I, **Daniel Quiroz,** hereby certify that on this 17th day of June, 2025, I

served a true and correct copy of the foregoing **Complaint** on the following party

by U.S. Mail, international courier, or other authorized means of service, pursuant

to **Federal Rule of Civil Procedure 5(b):**

**Defendants:**

**Roberto Antonio Contreras Rosa**

Barrio Macaruya, 20-22 Ave 5ta Calle No
Siguatepeque, Comayagua, Honduras


**Uvaldo Matute Lagos,**

Barrio Macaruya, 20-22 Ave 5ta Calle No
Siguatepeque, Comayagua, Honduras

**Johel Antonio Zelaya Álvarez,**

Colina Lomas del Guijarro, Ave. Republica Dominicana
Edificio Lomas Plaza II
Tegucigalpa, Francisco Morazán, Honduras


Eduardo Enrique Reina Garcia

Colina Lomas del Guijarro, Ave. Republica Dominicana
Edificio Lomas Plaza II
Tegucigalpa, Francisco Morazán, Honduras

Service will also be affected in accordance with the **Hague Service Convention** or other applicable treaty governing international service of process, to ensure compliance with Rule 4(f) of the Federal Rules of Civil Procedure.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 17th day of June, 2025.

**Daniel Quiroz**

Pro Se Plaintiff

P.O. Box 203
Dunnellon, FL 34430-0203

# PROFIT SHARING AGREEMENT

This **Profit Sharing Agreement**, dated **FEBRUARY 26, 2014**, hereinafter referred to as, **"PSA"** or **"Agreement"**, is now specifically established by and between:

**NATURA INTERNATIONAL INC. a California Corporation Registration No. 3318342 (herein referred to as Partner 1)**

Company: NATURA INTERNATIONAL INC.
Name: Oscar Baudilio González Del Cid
Title: President & CEO.
California DL No. A5096651

Name: Daniel Quiroz Lopez
Title: Executive Director
California DL No. B7434645

Address: 1535 S. Baker Ave. Suite B,
City/State: Ontario, California
Zip Code: 91761
Country: USA
Phones: 818-618-4541

**ROBERTO ANTONIO CONTRERAS ROSA: (herein referred to as Partner 2)**

Name: Roberto Antonio Contreras Rosa
Cedula No.1804-1946-00381
Address: Barrio Macaruya,20-22 Ave 5ta Calle NO
City: Siguatepeque, Comayagua, Honduras
Phone: +504 2773 0990

**SUBJECT:**

WHEREAS, the parties hereto are desirous of entering into a Profit Sharing Agreement for the purpose of engaging in transactions involving the sale of 1 BRAZILIAN LTN SERIE H REPACTUATED.
**WITNESSETH**
**BUSINESS PURPOSE: PSA Parties** are desirous of entering into a PROFIT SHARING for the purpose of engaging in transactions involving the sale of 1 BRAZILIAN LTN SERIE H REPACTUATED for a net price, after all commissions for intermediaries, of $50,000.000.00 (Fifty Million US Dollars)

**TERMS OF AGREEMENT:** This PSA shall commence on the day, month and year first affixed by the signatories of this agreement, and shall continue in existence until the bond is fully paid by the buyer.

1. **CONTRIBUTIONS:** Each of the Parties to this PSA shall contribute thereto: either with assets, funds, time, effort, knowledge, skill, experience, good judgment, privileged contacts, or any other contribution to be determined and mutually agreed to by the **Parties.**
2. **NATURA INTERNATIONAL INC.** Will provide the Asset to be sold (1 Brazilian LTN, with all the required documentation and emission of the necessary swift MT-542 to the buyer's bank.)
3. **Roberto Antonio Contreras Rosa** Will contribute with the amount of $200,000 (Two Hundred Thounsands US Dollars)

Page 1 of 4

# PROFIT SHARING AGREEMENT

**4   PROFIT SHARING AGREEMENT:** The **PSA Parties** agree that the resulting net earning/profits generated by the trading of commodities, including all rolls, extensions and additions but after the deduction of all banking fees and charges, will be disbursed immediately upon receipt of the gross earnings/profits, into each PSA Party's designated Bank account, by lodging an appropriate irrevocable payment instruction with the banker(s), according to the following agreement:

**4.1   NATURA INTERNATIONAL INC.** hereby represented by OSCAR BAUDILIO GONZALEZ DEL CID and DANIEL QUIROZ LOPEZ herein referred to as **"Partner 1"**, shall receive **$48,000,000.00 (FOURTY EIGHT MILLION US DOLLARS)** Equal to 96% of the proceeds.

**4.2   ROBERTO ANTONIO CONTRERAS ROSA,** herein referred to as "Partner 2", shall receive $2,000,000.00 (TWO MILLION  US DOLLARS) Equal to 4% of the net proceeds.

**4.3   The PSA Partners** shall each be solely responsible for:
  **4.3.1** The payment of any and all Commissions and/or fees to their own respective Agents and/or Associates according to their separate agreements (except what it is in this contract), and for,
  **4.3.2** The payment of any taxes incurred upon each **Party** to this agreement.

**5**   The following **GENERAL PROVISIONS** are agreed by the **Parties**:
  **5.1   OTHER ACTIVITIES:** The **Parties** to this **PSA** have businesses and other interests other than such related to this **PSA**. Such other interests, and profits and commitments related thereto, may not encroach into this **PSA**, the reverse being also the case.
  **5.2   VALIDITY AND ENFORCEABILITY:** Should any term's/provisions of this **PSA** be in conflict with any rule statutory provision, and thus unenforceable under the laws or regulations of any government having jurisdiction over one of the **Parties** to this **PSA**, such, terms/ provisions shall not invalidate any of the other term's/provisions of this **PSA**, which shall, continue in force.
  **5.3   ENTIRE UNDERSTANDING:** This present **PSA** constitutes the entire understanding of the **Parties** and supersedes any prior agreements and/or negotiations, whether in writing or oral. Any amendments hereto shall be made in writing, and are subject to and conditioned upon the agreement of both **Parties**.
  **5.4   BINDING EFFECT:** This **PSA** shall remain in full forces and effect until the completion of the transaction which should be for no more than six months after the transaction is initiated through the **PSA** and the allocation of the funds provided by Party 2 has been completed. Binding upon **Parties**, their heirs, successors and assigns, and all of their associated **Parties**.
  **5.5   NOTIFICATION TO THE PARTIES:** Any notification given under the provisions of this **PSA** by either **Party** hereto shall be English in and shall be given by facsimile, with a copy delivered by mail requiring signed confirmation of receipt.
  **5.6   FORCE MAJEURE:** The provisions of Force Majeure and hardship as published by the latest *ICC (International Chamber of Commerce - Paris, France)* publication apply.
  **5.7   INDEMNIFICATION AND HOLD HARMLESS:** The **Parties** shall have no liability to the other for any loss suffered which arise out of any act or omission If is determined that such act or omission was undertaken in good faith, was in the best interests of the **PSA** and did not constitute negligence or willful conduct.
  **5.8   PROTECTION OF SOURCES AND NCNDA (NON-DISCLOSURE NON-CIRCUMVENTION AGREEMENT):** It is agreed and understood by **Parties** that it is vital to the success of this transaction and of all directly and indirectly related matters, that the

# PROFIT SHARING AGREEMENT

names, addresses and full electronic coordinates of the Interested Parties to this PSA be kept in strictest confidence.

Therefore, the Parties agree to honor and uphold these provisions and to do, or to attempt to do nothing that could be regarded as a breach to this requirement. The use of a third party to otherwise circumvent this requirement cannot be tolerated. Thus, this PSA shall not be copied or given or transmitted to any other person, or entity, whatsoever, without the express written permission of the other Party.

Notwithstanding the foregoing, the Parties hereto may make only such disclosures as required, on a secured and confidential basis, to accomplish the goals of this PSA, to, counselors and advisors of the Parties.

The Parties agree to abide by the guidelines provided by the ICC (International Chamber of Commerce) Non-Circumvention and Non-Disclosure Agreement for a period of five (5) years from the effect hereof. It is mutually understood and agreed that this PSA is reciprocal between the Parties concerning their privileged information and contacts, and that the spirit behind this PSA is one of mutual trust and confidence and of the reliance on each side to do what is fair and equitable.

5.9 **GOVERNING LAW AND ARBITRATION:** The laws of the State of California, US shall govern this PSA. Jurisdiction shall lie with an arbitrator nominated by the court in conformity with the arbitration rules of the ICC (International Chamber of Commerce). Each Party shall remain solely responsible for obtaining advice of independent counsel it deemed necessary.

5.10 **SIGNATORY AUTHORITY:** Initials and Signatures on this PSA transmitted and well received via facsimile, electronic transmission or courier shall be deemed to be legally valid, admissible and enforceable pursuant to the terms and conditions hereof. The Parties may also mutually agree to prepare and execute one or more original hardcopies (counterparts).

**IN WITNESSES WHEREOF, THE PARTIES INTENDING TO BE BOUND HEREBY, HAVE CAUSED THIS PROFIT SHARING AGREEMENT TO BE EXECUTED AND SIGNED AS OF THE DAY, MONTH AND YEAR FIRST WRITTEN ABOVE AND BELOW. ALL PAGES OF THIS PSA HAVE BEEN INITIALLED BY THE PARTIES.**

We, The PSA Parties, hereby with full corporate responsibility and with the power vested in its officers Accept, Confirm, and Agree to abide by this Agreement:

For and on behalf of: **NATURA INTERNATIONAL INC. (Partner 1)**

Date:**FEBRUARY 26, 2014**

# PROFIT SHARING AGREEMENT

DANIEL QUIROZ LOPEZ / Executive Director
California DL No. B7434645

Date: FEB. 26, 2014

ROBERTO ANTONIO CONTRERAS ROSA
Cedula No.1804-1946-00381

Date: FEB. 26, 2014

## NOTARIZATION:

# PROFIT SHARING AGREEMENT

DANIEL QUIROZ LOPEZ / Executive Director
California DL No. B7434645

Date: FEB. 26, 2014

ROBERTO ANTONIO CONTRERAS ROSA
Cedula No.1804-1946-00381

Date: FEB. 26, 2014

## NOTARIZATION:

Page 4 of 4





COLEGIO DE
ABOGADOS
DE HONDURAS

Siguatepeque 26 de
Febrero del año 2014.

PAX ORBIS
EX JURE
L. 100

VALOR LPS. 500.00
SERIE "C"

*Colegio de Abogados de Honduras*
*Certificado de Autenticidad*   No. 382444

El Infrascrito Notario, de este domicilio, con Exequátur de Notario extendido por la Honorable

Corte Suprema de Justicia bajo el número mil ciento setenta y tres (1173), con Notaría sito en El

Centro Comercial Díaz, ubicado en la tercera (3ra.) calle sur oeste del Barrio Abajo, de esta

Ciudad de Siguatepeque, Departamento de Comayagua, CERTIFICA: Que las firmas que

anteceden y que pertenecen a los señores DANIEL QUIROZ LOPEZ y ROBERTO

ANTONIO CONTRERAS ROSA, consignadas en el PROFIT SHARING AGREEMENT, de

fecha veintiséis (26) de febrero del año dos mil catorce (2014); son auténticas por haber sido

puestas en mi presencia, según consta en la hoja de papel simple tamaño carta.- DOY FE.-

Extendida en la ciudad de Siguatepeque, Departamento de Comayagua, a los veintiséis (26) días

del mes de Febrero del año dos mil catorce (2014).

:::::::::::::::::::::::::::::::::::::::::ULTIMA LINEA:::::::::::::::::::::::::::::::::::::::::::::::::

DARWIN EXJUT DURON MENDOZA

NOTARIO

EXEQUATUR NO. 1173

NIHIL PRIUS FIDE

CAH-JDN 12-14   No. 232444

COPIA



PODER JUDICIAL
Honduras

## JUZGADO DE LETRAS SECCIONAL
## SIGUATEPEQUE, COMAYAGUA
## TEL: 2773-0061

Siguatepeque, 31 de Octubre del 2023

**SEÑOR DELEGADO**
**POLICIA NACIONAL**
**PRESENTE,**

Con instrucciones de este Despacho Judicial, sírvase en dar captura al señor **DANIEL QUIROZ LOPEZ**, identidad numero 0507-1969-00275 por suponerlo responsable del delito de **ESTAFA** en perjuicio de **ROBERTO ANTONIO CONTRERAS ROSA** y una vez habido ponerlo a la orden de este Despacho Judicial para proceder lo que en derecho corresponde.- **EXP. 408-23.-**

Atentamente,

**ABOG. SARA SHAYK TOBAR AGUILERA**
**JUEZ DE LETRAS SUPERNUMERARIA**

Recibido
en Fecha
7-11-23
10:00 a
Firma



6. Copia de tarjeta de identidad del ofendido.
7. Fotocopias de documentos entregados por parte del imputado.
8. Traducción oficial del Contrato suscrito entre el ofendido y el imputado.
9. Aprobación de traducción oficial de Secretaría de Estado en los Despachos de Relaciones Exteriores y Cooperación Internacional del Estado de Honduras.

## PETICIÓN CONFORME A DERECHO

Con los elementos probatorios allegados en legal y debida forma, a través de las actuaciones de ejecución inmediata para la constatación del delito, y demás prueba documentada realizada por la Dirección Policial de Investigaciones, considero que existe fundamento suficiente para presentar Requerimiento Fiscal en contra de: DANIEL QUIROZ LOPEZ, se califica como ESTAFA, en perjuicio de ROBERTO ANTONIO CONTRERAS ROSA, de conformidad a lo tipificado en los artículos 240, 241 numeral 3, en relación con el artículo 32 del anterior Código Penal, Por lo anteriormente expuesto solicito: 1) Se tenga por presentado el escrito de requerimiento fiscal; 2) se tengan por agregados los documentos que se acompañan, todos estos documentos se presentan de forma original y con los cuales demostramos al Tribunal que existen suficientes méritos para presentar este Requerimiento Fiscal 3) SE SOLICITA LIBRE ORDEN DE CAPTURA en contra DANIEL QUIROZ LOPEZ; una vez habido el imputado se señale fecha y hora para la celebración de la Audiencia inicial y se le imponga la medida de DETENCIÓN JUDICIAL por el termino de ley, teniendo como base para ello lo establecido en los artículos 285, 292, 178 numerales 1, 2 Y 4; 179 numerales 1 y 2; 180 numeral 1 del Código Procesal Penal, en vista al peligro de fuga del imputado ya que el mismo reside en otro país y seria fácil para el mismo poder evadir la justicia en Honduras, por lo que la medida cautelar idónea a fin de garantizar la presencia del imputado dentro del país seria la detención judicial; 4) Se libre ALERTA MIGRATORIA por la cual se solicita que se remita atento oficio a la Organización International de Policía Criminal "INTERPOL", a fin que la alerta sea ingresada al sistema de dicha organización.

Siguatepeque, Comayagua 12 de septiembre del 2023.

MINISTERIO PÚBLICO
REPÚBLICA DE HONDURAS
FISCAL AUXILIAR

ABOGADO UVALDO MATUTE LAGOS
AGENTE DE TRIBUANALES
MINISTERIO PÚBLICO.

13-09 2023
01:56 P

NO HABIDO

4108-23

del ofendido, en vista que la inversión realizada el mismo desconoce la legitimidad de la supuesta LETRA DEL TESORO NACIONAL LTN, del GOBIERNO DE BRAZIL, "BRAZILIAN LTN SERIE H REPACTUADE DEL AÑO DE 1972 N° 405457, CON UN VALOR DE CR$ 1.200.00.000.00", la cual es objeto del contrato.

SEGUNDO: Cabe mencionar que se solicitó una asistencia Jurídica Internacional por medio de la Unidad de Convenios y Asuntos Internacionales de la División Legal del Ministerio Público, a fin de acreditar la legalidad de la supuesta LETRA DEL TESORO NACIONAL LTN, del GOBIERNO DE BRAZIL, "BRAZILIAN LTN SERIE H REPACTUADE DEL AÑO DE 1972 N° 405457, CON UN VALOR DE CR$ 1.200.00.000.00", la cual es el medio o instrumento del delito de Estafa, recibiendo por parte de dicha unidad un comunicado que fue emitido por la República Federativa de Brasil, con su respectiva traducción al idioma español realizada por la Secretaria de Estado en los Despachos de Relaciones Exteriores y Cooperación Internacional del Estado de Honduras, y que dicho comunicado establece que nunca ha habido bonos LTN de colores morado, verde azul o diamante con las series H, I, J K, Z, o cualquier otro atributo de color o letra y aunque estén acompañados de documentos supuestamente firmados por funcionarios gubernamentales del Tesoro Nacional, y que el Tesoro Nacional de Brasil no emite ni ha emitido nunca tales documentos, quedando claramente evidenciado el delito con la falsedad y engaño al que fue sometido el ahora ofendido.

### PRECEPTOS JURÍDICOS APLICABLES AL DELITO QUE SE IMPUTA

La conducta del imputado, DANIEL QUIROZ LOPEZ, se califica como ESTAFA, en perjuicio de ROBERTO ANTONIO CONTRERAS ROSA, de conformidad a lo tipificado en los artículos 240, 241 numeral 3, en relación con el artículo 32 del anterior Código Penal.

### RELACIÓN DE LAS PRUEBAS QUE FUNDAMENTAN LA IMPUTACION

PRUEBAS QUE ACREDITAN LA EXISTENCIA DEL DELITO Y LA PARTICIPACION DE LOS IMPUTADOS EN EL MISMO.

1. Declaración administrativa del ofendido.
2. Denuncia número 67-2022.
3. Pruebas documentales.
4. Padrón fotográfico del imputado.
5. Constancia de antecedentes policiales del imputado.



en el estado de California del pais de Estados Unidos de Norte América, contrato establecido como un acuerdo de participación y los beneficios mismos que fue notariado por el Abogado de nombre DARWIN ELIUT DURON MENDOZA con sede en la ciudad de Siguatepeque, el cual es miembro del Colegio de Abogados de Honduras, y bajo el número de colegiación de 1173 ya que dicho contrato venció en fecha en fecha 26 de febrero del año 2019, cabe mencionar que cinco años después no se ha cumplido con lo establecido en el contrato que se firmó con el señor DANIEL QUIROZ LOPEZ en representación de la empresa NATURA INTERNACIONAL INC contrato que establece como Presidente General de la empresa al señor ÓSCAR BAUDILIO GONZALES DEL CID, ya que el acuerdo del contrato era que la participación de los beneficiarios quienes generaran la inversión de los doscientos mil dólares ($ 200,000.00) mismos que fueron aportados por el señor ROBERTO ANTONIO CONTRERAS ROSA ahora ofendido, mismo dinero que fue transferidos a la cuenta del señor DANIEL QUIROZ LOPEZ en el BANCO DAVIVIENDA en la sucursal de esta ciudad de Siguatepeque, Departamento de Comayagua, ya que una vez depositado el dinero el denunciado le manifestó al ofendido que le generaría una ganancia de DOS MILLONES DE DÓLARES ($ 2,000,000.00), por la venta de una supuesta LETRA DEL TESORO NACIONAL LTN, del GOBIERNO DE BRAZIL, "BRAZILIAN LTN SERIE H REPACTUADE DEL AÑO DE 1972 N° 405457, CON UN VALOR DE CR$ 1.200.00.00.00", mismos que hasta la fecha no han desembolsado los supuestos beneficios de la suscripción de dicho contrato, cabe mencionar que el ofendido ha tenido comunicación con los sospechosos la cual se ha hecho mediante correo electrónico y por medio del señor JOSE DE JESÚS BANEGAS ORTIZ quien reside en la colonia Juan de la Cruz Avelar de la ciudad de Siguatepeque, Departamento de Comayagua, que las comunicaciones se han hecho via telefónica al número +504-9751-7706 el cual pertenece al señor JOSE DE JESÚS BANEGAS ORTIZ ya que este fue el quien presento al ofendido el señor DANIEL ORTIZ LOPEZ, y este mismo era el laso de comunicación entre los señores de nombre ÓSCAR BAUDILIO GONZALES DEL CID Y EL SEÑOR DANIEL QUIROZ LOPEZ ambos con residencia en Estados Unidos de Norte América ya que estos no cumplieron con lo acordado en el contrato, situación que llevo al ofendido a la necesidad de solicitar un crédito financiero en vista a la deuda generada a la inversión de los doscientos mil dólares realizada de acuerdo al contrato anteriormente firmado, en vista que entrego al ahora denunciado dicha cantidad de dinero, perdiendo un total del 75% de sus bienes producto de dicho crédito, induciendo al error y disposición del patrimonio





## RELACION DE HECHO

egún narración del ofendido de nombre ROBERTO ANTONIO CONTRERAS ROSA que
h fecha 26 de febrero del año 2014 como a eso de las 14:00 horas de la tarde se suscribió
n contrato con el señor de nombre DANIEL QUIROZ LOPEZ quien es representante de
compañía de nombre natura internacional INC misma que está constituida en california
el país de estados unidos de norte américa con el nombre del contrato  acuerdo  de
articipación  y los beneficios mismos que fue notariado  por el abogado de nombre ELIU
URON MENDOZA  con sede en la ciudad de Siguatepeque, el cual es miembro del colegio
abogados de honduras, y con el número de colegio de abogados  de 1173  ya que dicho
ntrato venció en fecha 26 de febrero  del año 2019 cabe mencionar que cinco
os después  no an  cumplido con lo que dice el contrato que  se firmó  con la empresa
tura internacional ya que el contrato lo suscribió  el señor Daniel Quiroz lopez quien
taba en representación  del señor de nombre óscar Baudilio Gonzales  del cid mismo
e manifestó que el señor Baudilio era el presidente  general de la empresa natura
ernacional  INC ya que el acuerdo del contrato era  que la participación de los
neficiarios quienes generaran la inversión de los doscientos mil dólares  mismos que
eron aportados por el señor ROBERTO ANTONIO CONTRERAS ROSA  mismo dinero
e fue transferidos a la cuenta del señor DANIEL QUIROZ LOPEZ  misma cuenta que
antiene en el banco Davivienda  en la sucursal de esta ciudad de Siguatepeque ya que
la vez depositado el dinero estos le dijeron al ofendido de que le generaría una ganancia
dos millones de dólares mismos que hasta la fecha no an desembolsado nada,  cabe
encionar de que el ofendido atenido comunicación con los sospechosos la cual se a echo
ediante correo electrónico y por medio del señor jose de Jesús Banegas Ortiz quien
side en la colonia juan de la cruz Avelar ya que las comunicaciones se an echo vía
efónica al número 9751-7706  el cual pertenece al señor jose de Jesús Banegas Ortiz
que este fue el quien presento al señor Daniel Ortiz lopez al ofendido, y este mismo er
laso de comunicación entre los señores de nombre óscar Baudilio Gonzales  del cid y e
ñor Daniel Quiroz lopez ambos con residencia américa ya que estos no cumplieron co
acordado en contrato ya que se dijo en dicho contrato que estas personas cancelaría
ho préstamo que fue otorgado al señor ROBERTO ANTONIO CONTRERAS ROSA  e
mes de febrero del año 2014 por la empresa de inversiones generales CA ( INGESA) pc
cantidad de doscientos mil dólares  exactos mismos que fueron depositados a la cuent
señor Daniel Quiroz lopez  ya que debido al no pago y al incumplimiento de esta
rsonas hasta la fecha por lo que se había acordado que  los señores DANIEL QUIRO
PEZ  y ÓSCAR BAUDILIO GONZALES DEL CID   y hasta la fecha lo que se adeuda es
cantidad de catorce millones doscientos cincuenta mil lempiras cabe mencionar que l
ogada de nombre  KAREN YADIRA GRANADOS HERNANDEZ   la cual es
presentante le gal de INGESA ella misma manifiesta de que en repetidas ocasiones s
municó con los señores Daniel Quiroz  lopez y al señor jose Banegas mismos que s
esentaron  como representantes de la empresa  natura internacional INC de lo cu
ne copia de chat donde el señor jose Banegas se comprometió a mantener lo
formados de los avances de la inversión a si mismo del desentoldo del pago de
éstamo otorgado al señor Roberto Antonio contreras rosa  de la cual no se realiz
ngún depósito y en el año 2019  se reunieron en las oficinas de INGESA los señore
ANIEL QUIROZ LOPEZ  y ÓSCAR BAUDILIO GONZALES DEL CID  esto con el fin d
ordar la fecha de pago del préstamo y a si mismo facilitándoles el número de cuenta d
GESA para que se cancelara  directa mente lo adeudado  que es la cantidad de catorc
illones doscientos cincuenta mil lempiras exactos de los cuales no se arrecido nada po
arte de los señores DANIEL QUIROZ LOPEZ  y ÓSCAR BAUDILIO GONZALES DEL CII



( 39

presentado en fecha trece (13) de septiembre del año dos mil veintitrés, siendo la una de la tarde con cincuenta y seis minutos (01:56 p.m.).-

**ABOG. RUTH NORDELI ARANA RIVERA**
**SECRETARIA**

**JUZGADO DE LETRAS SECCIONAL.-** Siguatepeque, diecinueve de septiembre del año dos mil veintitrés.-

Admítase el Requerimiento Fiscal que antecede con un informe preliminar de investigación que contiene trescientos noventa y un folios, téngase como parte al Abogado **UVALDO MATUTE LAGOS** Fiscal del Ministerio Público y siendo que existen los presupuestos legitimadores tales como es el peligro y la apariencia del buen derecho para presentar el Requerimiento fiscal y siendo que el mismo solicita el libramiento de la orden de captura y quien según establece en el contenido del requerimiento fiscal las investigaciones realizadas, arrojan resultados en que se hace la posibilidad de la participación del señor **DANIEL QUIROZ LOPEZ** por suponerlo responsable del delito de **ESTAFA** en perjuicio de **ROBERTO ANTONIO CONTRERAS ROSA** por lo que este Tribunal estima pertinente librar el oficio correspondiente en el cual se gira instrucciones para darle captura a la sospechosa. Así mismo que se libre oficio de alerta migratoria debiendo librar el oficio a la Organización Internacional de Policía Criminal **INTERPOL** a fin que la alerta sea ingresada al sistema de dicha organización. Artículos: 285, 286 del Código Procesal Penal. **NOTIFIQUESE.-**

**ABOG. SARA SHAYK TOBAR AGUILERA**
**JUEZ DE LETRAS SUPERNUMERARIA**

**ABOG. GABRIELA NICOLLE MARIE VILLEDA GOMEZ**
**SECRETARIA ADJUNTA**

Cm





Juzgado de Letras *Seccional de Siguatepeque, Comayagua*

Expediente N° *408*    Año *202*

| N° | Nombre (s) y Apellido (s) de (los) Imputado (s) |
|----|------------------------------------------------|
| 1  | *Daniel Quiroz Lopez* |
| 2  | |
| 3  | |
| 4  | |
| 5  | |
| 6  | |
| 7  | |

| N° | En Perjuicio |
|----|--------------|
| 1  | *Roberto Antonio Cutierres* |
| 2  | |
| 3  | |
| 4  | |
| 5  | |
| 6  | |
| 7  | |

**Infracción (es) Penal (es)**

*ESTAFA*

ZAS DE CON — **NO HABIDO** — FOLIO N°

*408-33*

Siguatepeque, 27 de septiembre de 2024

Dr. Daniel Quiroz López:

Me avoque a la fiscalía y por instrucciones del fiscal conocedor de la causa yo puedo llegar a un acuerdo para dejar sin valor y efecto el proceso que se ha incautado en su contra, siempre y cuando se haga un deposito de un porcentaje no menor al 50% del valor que pretendo.

Una vez que dicho valor sea depositado en una cuenta mía y que yo corrobore que esos fondos se encuentran en la cuenta se procederá por medio del Ministerio Publico a solicitar ante el Juzgado de Letras de la ciudad de Siguatepeque la suspensión del proceso en su contra y una vez satisfecho y ratificado por mi se procederá a levantar las acciones legales que en su momento se incautaron en contra de Daniel Quiroz López.

Esto es lo que ha contestado el fiscal y bajo estos parámetros estoy en posición de negociar, pero debo recibir una compensación económica satisfactoria.

Atentamente.


Dr. Roberto Contreras Rosa.

9/18/23, 11:39 PM                           Gmail - Fwd: Your Same Day wire transfer was successfully sent

 Gmail                                               Daniel Quiroz <dquiroz724@gmail.com>

## Fwd: Your Same Day wire transfer was successfully sent

**Oscar Gonzalez <oscar@naturainc.com>**                              Mon, Sep 29, 2014 at 12:18 PM
To: Daniel Quiroz <dquiroz724@hotmail.com>, Daniel Quiroz <dquiroz724@gmail.com>, robertocontrerasdr@gmail.com

TRANSFERENCIA COMPLETADA EXITOSAMENTE

---------- Forwarded message ----------
From: "Online Transfers from Bank of America" <bankofamericatransfers@mail.transfers.bankofamerica.com>
Date: Sep 29, 2014 12:10 PM
Subject: Your Same Day wire transfer was successfully sent
To: <oscar@naturainc.com>
Cc:

We have successfully sent the following transfer:

*******************************************
Item #:        130550360
Amount:        $30,000.00
To:            ROBERTO ANTONIO   CONTRERAS ROSA
Fee:           45.00
Send on Date:  09/29/2014
Service:       International
[Quoted text hidden]

# DAVIVIENDA
## Transferencia a Terceros

Fecha: 25/04/14
Hora:       13:05:28
Página:            1

| | |
|---|---|
| **Cliente:** | 2011480767  DANIEL QUIROZ LOPEZ |
| **Nro Transferencia:** | 3 |
| **Monto:** | 131,300.00 |
| **Cuenta Debito:** | AHO   2011480767 |
| **Referencia:** | PAGO A ROBERTO CONTRERAS |

**Moneda:** LPS
**Usuario Creacion:** honduras2014
**Fecha Transaccion:** 25/04/14
**Hora Transaccion:** 13:03:43

| Cuenta de Depósito | Descripción | Monto |
|---|---|---|
| Ahorros   1160055643 | CONTRERAS ROBERTO | 131,300.00 |

9/16/23, 11:53 PM                                    Gmail - Re: Money Transfer from DANIEL QUIROZ

**M** Gmail                                                              Daniel Quiroz <dquiroz724@gmail.com>

## Re: Money Transfer from DANIEL QUIROZ

**Roberto Antonio Contreras Rosa** <robertocontrerasdr@gmail.com>        Tue, Sep 12, 2017 at 11:33 AM
To: DANIEL QUIROZ <dquiroz724@gmail.com>, DANIEL NATURA-QUIROZ <dquiroz724@hotmail.com>, OSCAR NATURA-
GONZALES <oscar@naturainc.com>

Estimado Daniel...

AYER TARDE RECIBÍ EL ENVÍO SIN PROBLEMA Y FUI A INGESA A PAGARLES.

CON NUESTRO AGRADECIMIENTO,

SALUDOS.


2017-09-11 12:32 GMT-06:00 Daniel Quiroz <dquiroz724@gmail.com>:
Hi,

3445 USD is being transferred electronically to your account at Banco HSBC Honduras S A .

Contact me directly if you have any questions. I've chosen to have this message sent from my bank to confirm that the
transfer is scheduled.

Regards,
DANIEL

**Bank of America** 🇺🇸

P.O. Box 15284
Wilmington, DE 19850

**Customer service information**

📱 Customer service: 1.800.432.1000

TDD/TTY users only: 1.800.288.4408

En Español: 1.800.688.6086

▭ bankofamerica.com

▭ Bank of America, N.A.
P.O. Box 25118
Tampa, FL 33622-5118

DANIEL QUIROZ
710 W BOWEN RD
PERRIS, CA 92570-3460

## Your BofA Core Checking

for December 9, 2017 to January 10, 2018

**DANIEL QUIROZ**

Account number: 3250 9484 3725

### Account summary

| | |
|---|---|
| Beginning balance on December 9, 2017 | $388.58 |
| Deposits and other additions | 25,522.67 |
| Withdrawals and other subtractions | -25,213.59 |
| Checks | -0.00 |
| Service fees | -67.00 |
| Ending balance on January 10, 2018 | $630.66 |

Here's a tip

Don't miss important account notifications — keep your contact information updated
It's quick and easy to keep your phone number, email and mailing address up to date. Just sign in to Online Banking and go to **Profile & Settings** or use the **Mobile Banking app**. You'll help make sure you receive all of your notices and help stay on top of your account.

Is your contact info up to date? Check now at **bankofamerica.com**

Mobile Banking requires that you download the Mobile Banking app and is only available for select mobile devices. Message and data rates may apply.
©2018 Bank of America Corporation

Your checking account



DANIEL QUIROZ  |  Account # 3250 9484 3725  |  December 9, 2017 to January 10, 2018

**We have a new requirement for making cash deposits to our consumer accounts.**
You will now need to be an owner or authorized user on the account to make a cash deposit to a personal checking or savings account with an associate in our financial centers. This change helps us reduce risks from cash transactions involving persons who are not authorized on an account.

## Deposits and other additions

| Date | Description | | | Amount |
|------|-------------|---|---|-------:|
| 12/11/17 | BKOFAMERICA ATM 12/11 #000002548 DEPOSIT PERRIS | PERRIS | CA | 2,400.00 |
| 12/12/17 | Counter Credit | | | 675.00 |
| 12/14/17 | BKOFAMERICA ATM 12/14 #000005724 DEPOSIT LYNWOOD | LYNWOOD | CA | 4,420.00 |
| 12/19/17 | Counter Credit | | | 330.00 |
| 12/20/17 | Counter Credit | | | 15,781.01 |
| 12/20/17 | BKOFAMERICA ATM 12/20 #000009944 DEPOSIT PERRIS | PERRIS | CA | 500.00 |
| 12/26/17 | Zelle Transfer Conf# 7d89b25cb; QUIROZ, ANA | | | 200.00 |
| 12/28/17 | BKOFAMERICA ATM 12/28 #000003627 DEPOSIT PERRIS | PERRIS | CA | 246.66 |
| 01/02/18 | Zelle Transfer Conf# b479b89d8; QUIROZ, ANA | | | 50.00 |
| 01/04/18 | BKOFAMERICA ATM 01/04 #000001410 DEPOSIT PERRIS | PERRIS | CA | 420.00 |
| 01/10/18 | BKOFAMERICA ATM 01/10 #000004871 DEPOSIT PERRIS | PERRIS | CA | 500.00 |

Total deposits and other additions

## Withdrawals and other subtractions

| Date | Description | | | Amount |
|------|-------------|---|---|-------:|
| 12/11/17 | LA SIERRA UNIV  12/09 #000016248 PURCHASE LA SIERRA UNIVERS  RIVERSIDE | CA | | -31.81 |
| 12/12/17 | CHECKCARD 1211 CHEVRON 0210408 EASTVALE    CA 24692167345100759721550 | | | -64.00 |
| 12/13/17 | CHECKCARD 1212 ONE STOP LABEL CORPORA ONTARIO    CA 24388947346627146793739 | | | -1,134.95 |
| 12/13/17 | Zelle Transfer Conf# 1771e901d; gonzalez, oscar | | | -1,380.00 |
| 12/14/17 | CHECKCARD 1212 LUXURY MATTRESS INC. PERRIS    CA 24692167347100957054992 | | | -682.39 |
| 12/14/17 | CHECKCARD 1214 COPA 310-622-4669 CA 24692167348100281674654 | | | -160.70 |

*continued on the next page*

Invest online with professional portfolio management by Merrill Lynch

MERRILL EDGE
Bank of America Corporation

Visit merrilledge.com/invest to pursue your goal with Merrill Edge® Guided Investing

Merrill Edge® is available through Merrill Lynch, Pierce, Fenner & Smith Incorporated (MLPF&S) and consists of the Merrill Edge Advisory Center (investment guidance) and self-directed online investing. MLPF&S is a registered broker-dealer, registered investment adviser, Member SIPC and a wholly owned subsidiary of Bank of America Corporation. Banking products are provided by Bank of America, N.A. and affiliated banks, Members FDIC and wholly owned subsidiaries of Bank of America Corporation. © 2017 Bank of America Corporation. Investment products:

| Are Not FDIC Insured | Are Not Bank Guaranteed | May Lose Value |

DANIEL QUIROZ  |  Account # 3250 9484 3725  |  December 9, 2017 to January 10, 2018

## Withdrawals and other subtractions - continued

| Date | Description | Amount |
|---|---|---|
| 12/14/17 | WIRE TYPE:INTL OUT DATE:171214 TIME:1720 ET TRN:2017121400425078 SERVICE REF:851287 BNF:ROBERTO ANTONIO CONTRERAS ID:1161199347 BNF BK:BANCO DAVIVIENDA HONDUR ID:001901629680 PMT DET:XS3SL8DB9 Services | -3,500.00 |
| 12/18/17 | ARCO #42375 AM  12/18 #000835196 PURCHASE ARCO #42375 AMPM   PERRIS        CA | -61.10 |
| 12/18/17 | Zelle Transfer Conf# 4bded85e1; QUIROZ, ANA L | -200.00 |
| 12/20/17 | CHECKCARD  1219 LA LIVE PARKING GARAGE LOS ANGELES  CA 24755427353173531434926 | -27.00 |
| 12/20/17 | CHECKCARD  1219 GEICO  *AUTO 800-841-3000 DC 24692167353100450265583 RECURRING | -165.70 |
| 12/20/17 | AMAYAS AUTO RE  12/20 #000719303 PURCHASE AMAYAS AUTO REGIS  PERRIS        CA | -15.00 |
| 12/20/17 | CA TLR transfer to CHK 3197 | -15,000.00 |
| 12/21/17 | CHECKCARD  1220 CHEVRON 0309476 PERRIS       CA 24692167354100271900938 | -63.00 |
| 12/21/17 | CHECKCARD  1220 CASH WELLS FARGO C/A #0 PERRIS       CA 74492157355092270001023 | -1,500.00 |
| 12/22/17 | Zelle Transfer Conf# e28247d79; QUIROZ, ANA L | -100.00 |
| 12/22/17 | Zelle Transfer Conf# 167f92888; Amalia Sanchez | -200.00 |
| 12/26/17 | CHECKCARD  1222 NUTREX HAWAII INC 808-3261353  HI 24789307358312401005536 | -151.20 |
| 12/26/17 | BKOFAMERICA ATM 12/26 #000004683 WITHDRWL PERRIS        PERRIS      CA | -200.00 |
| 12/28/17 | BKOFAMERICA ATM 12/28 #000003628 WITHDRWL PERRIS        PERRIS      CA | -200.00 |
| 12/28/17 | JIMBOS TIRES L  12/28 #000649299 PURCHASE JIMBOS TIRES LLC   PERRIS       CA | -2.74 |
| 01/02/18 | Zelle Transfer Conf# dfb5a5bf4; Amalia Sanchez | -75.00 |
| 01/04/18 | BKOFAMERICA ATM 01/04 #000001411 WITHDRWL PERRIS        PERRIS      CA | -200.00 |
| 01/08/18 | CHECKCARD  0105 AMERICAN AIR00106148342 FORT WORTH   TX 24431068006978001714754 | -59.00 |
| 01/10/18 | SHELL Service  01/09 #000765131 PURCHASE SHELL Service Sta  RIVERSIDE    CA | -40.00 |

Total withdrawals and other subtractions

Your checking account



DANIEL QUIROZ  |  Account # 3250 9484 3725  |  December 9, 2017 to January 10, 2018

## Service fees

**Your Overdraft and NSF: Returned Item fees for this statement period and year to date are shown below.**

|  | Total for this period | Total year-to-date |
|---|---|---|
| Total Overdraft fees | $0.00 | $35.00 |
| Total NSF: Returned Item fees | $0.00 | $0.00 |

**To help avoid overdraft and returned item fees, you can set up:**

Customized alerts – get email or text message alerts (footnote 1) to let you know if your balance is low

Overdraft Protection – enroll to help protect yourself from overdrafts and declined transactions

To enroll, go to bankofamerica.com/online, call us at the number listed on this statement, or come see us at your nearest financial center.

(footnote 1) Alerts received as text messages on your mobile access device may incur a charge from your mobile access service provider. This feature is not available on the Mobile website. Wireless carrier fees may apply.

| Date | Transaction description | Amount |
|---|---|---|
| 12/14/17 | Wire Transfer Fee | -45.00 |
| 12/22/17 | Non-BofA Teller Withdrawal Fee 917412202317491 | -10.00 |
| 01/10/18 | Monthly Maintenance Fee | -12.00 |

Total service fees

*Note your Ending Balance already reflects the subtraction of Service Fees.*

9/18/23, 11:40 PM                          Gmail - Fwd: Your Same Day wire transfer was successfully sent

 Gmail                                    Daniel Quiroz <dquiroz724@gmail.com>

## Fwd: Your Same Day wire transfer was successfully sent

Oscar Gonzalez <oscar@naturainc.com>                           Mon, Sep 29, 2014 at 3:30 AM
To: Daniel Quiroz <dquiroz724@gmail.com>

---------- Forwarded message ----------
From: "Online Transfers from Bank of America" <bankofamericatransfers@mail.transfers.bankofamerica.com>
Date: Sep 29, 2014 2:31 AM
Subject: Your Same Day wire transfer was successfully sent
To: <oscar@naturainc.com>
Cc:

We have successfully sent the following transfer:

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Item #:       130435342
Amount:       $100,000.00
To:           Jean Francois De Peyrecave
Fee:          25.00
Send on Date: 09/26/2014
Service:      Same Day
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

If there is a problem with executing your request, we will notify you both by email and on the Manage Accounts tab. You
can always check your transfer status on the Review Transfer screen at www.bankofamerica.com.

Sincerely,

Member Service

www.bankofamerica.com


-------------------------------------------------------------------------------
-------------------------------------------------------------------------------

This is a service email from Bank of America.  Please note that you may receive service emails
in accordance with your Bank of America service agreements, whether or not you elect to receive
promotional email.

Read our privacy policy: http://www.bankofamerica.com/privacy

Please don't reply directly to this automatically-generated email message.

Bank of America Email, 8th Floor-NC1-002-08-25, 101 South Tryon St., Charlotte, NC 28255-0001

Bank of America, N.A. Member FDIC. Equal Housing Lender:

http://www.bankofamerica.com/help/equalhousing.cfm

(C) 2014 Bank of America Corporation. All rights reserved.

This email was sent to: oscar@naturainc.com

## Chase Online

### Review this request — Read and confirm the details for this wire request.
Click "Wire Activity" to go back on the Activity page.

**Wire Details**

**Account Details**

| | |
|---|---|
| Wire to | Dr CONTRERAS(...9343) |
| Wire from | Operations (...9597) |

**Wire Details - Sender**

| | |
|---|---|
| Wire amount | 9860.00 U.S. Dollars (USD) |
| Scheduled On | 07/20/2017 at 02:25 PM ET |
| Wire date | 07/20/2017 |
| Message to recipient | |
| Message/instructions to recipient bank | |
| Memo | Payment to Dr. Contreras |
| Transaction number | 5020135660 |
| Fed reference number | N/A |
| Status | In Transit |
| Submitted by | Administrator on 7/20/2017 2:25:17 PM |
| Last modified by | Administrator on 7/20/2017 2:25:17 PM |
| Approved by | Not Available |

© 2017 JPMorgan Chase & Co.



P.O. Box 15284
Wilmington, DE 19850

**Customer service information**

1.888.BUSINESS (1.888.287.4637)

bankofamerica.com

Bank of America, N.A.
P.O. Box 25118
Tampa, FL 33622-5118

NATURA INTERNATIONAL LLC
710 W BOWEN RD
PERRIS, CA  92570-3460

# Your Business Advantage Checking

for October 1, 2017 to October 31, 2017

Account number: 3250 8165 3203

**NATURA INTERNATIONAL LLC**

## Account summary

| | | |
|---|---|---|
| Beginning balance on October 1, 2017 | $18,487.27 | # of deposits/credits: 11 |
| Deposits and other credits | 17,480.95 | # of withdrawals/debits: 42 |
| Withdrawals and other debits | -34,572.22 | # of items-previous cycle[1]: 0 |
| Checks | -0.00 | # of days in cycle: 31 |
| Service fees | -45.00 | Average ledger balance: $5,147.32 |
| Ending balance on October 31, 2017 | $1,351.00 | [1]Includes checks paid,deposited items&other debits |

How can we improve your business banking?

Join the **Bank of America** Advisory Panel. You can help us learn what we're doing right and what we can do better.

To learn more and join, enter code **SBDD** at **bankofamerica.com/advisorypanel** today.

Inclusion on the Advisory Panel subject to qualifications.
©2012 Bank of America Corporation.                SSM-06-17-0535.A1  |  AR687WH3

**Bank of America**

Your checking account

NATURA INTERNATIONAL LLC   |   Account # 3250 8165 3203   |   October 1, 2017 to October 31, 2017

## Deposits and other credits

| Date | Description | Amount |
|------|-------------|--------|
| 10/02/17 | BOFA MERCH SVCS  DES:DEPOSIT    ID:372560408885  INDN:NATURA INTERNATIONAL L  CO ID:XXXXXXXXXB CCD | 728.95 |
| 10/04/17 | FORWARDFINANCING DES:PAYMENTS   ID:ACH17933  INDN:NATURA INTERNATIONAL L  CO ID:1461472077 PPD | 7,700.00 |
| 10/05/17 | BOFA MERCH SVCS  DES:DEPOSIT    ID:372560408885  INDN:NATURA INTERNATIONAL L  CO ID:XXXXXXXXXB CCD | 1,397.00 |
| 10/06/17 | BOFA MERCH SVCS  DES:DEPOSIT    ID:372560408885  INDN:NATURA INTERNATIONAL L  CO ID:XXXXXXXXXB CCD | 4,780.00 |
| 10/12/17 | BOFA MERCH SVCS  DES:DEPOSIT    ID:372560408885  INDN:NATURA INTERNATIONAL L  CO ID:XXXXXXXXXB CCD | 1,450.00 |
| 10/16/17 | BOFA MERCH SVCS  DES:DEPOSIT    ID:372560408885  INDN:NATURA INTERNATIONAL L  CO ID:XXXXXXXXXB CCD | 57.00 |
| 10/20/17 | BOFA MERCH SVCS  DES:DEPOSIT    ID:372560408885  INDN:NATURA INTERNATIONAL L  CO ID:XXXXXXXXXB CCD | 168.00 |
| 10/23/17 | BOFA MERCH SVCS  DES:DEPOSIT    ID:372560408885  INDN:NATURA INTERNATIONAL L  CO ID:XXXXXXXXXB CCD | 157.00 |
| 10/23/17 | BOFA MERCH SVCS  DES:DEPOSIT    ID:372560408885  INDN:NATURA INTERNATIONAL L  CO ID:XXXXXXXXXB CCD | 113.00 |
| 10/24/17 | BOFA MERCH SVCS  DES:DEPOSIT    ID:372560408885  INDN:NATURA INTERNATIONAL L  CO ID:XXXXXXXXXB CCD | 29.00 |
| 10/25/17 | BOFA MERCH SVCS  DES:DEPOSIT    ID:372560408885  INDN:NATURA INTERNATIONAL L  CO ID:XXXXXXXXXB CCD | 901.00 |

Total deposits and other credits    $17,380.95

## Withdrawals and other debits

| Date | Description | Amount |
|------|-------------|--------|
| 10/02/17 | Online Banking transfer to CHK 1707 Confirmation# 1397404098 | -3,500.00 |
| 10/02/17 | CA TLR transfer to CHK 7345 | -3,000.00 |
| 10/02/17 | Online Banking transfer to CHK 3725 Confirmation# 3399167937 | -7,000.00 |

continued on the next page



Bank of America Business Advantage

## Thank you for your business.
## Here's to your continued success.

We're committed to finding the smartest path to long-term growth for your business.

Our small business specialists will work to help you strengthen your business and plan for the future. Please visit **bankofamerica.com/smallbusiness** to learn more.

NATURA INTERNATIONAL LLC  |  Account # 3250 8165 3203  |  October 1, 2017 to October 31, 2017

## Withdrawals and other debits - continued

| Date | Description | Amount |
|---|---|---|
| 10/02/17 | GREENBOX CAPITAL DES:PREAUTHPAY ID:SEFE706064  INDN:NATURA INTERNATIONAL L  CO ID:3460762947 CCD | -567.00 |
| 10/02/17 | GREENBOX CAPITAL DES:PREAUTHPAY ID:706064  INDN:NATURA INTERNATIONAL L  CO ID:3460762947 CCD | -145.22 |
| 10/02/17 | GREENBOX CAPITAL DES:PREAUTHPAY ID:WIFE706064  INDN:NATURA INTERNATIONAL L  CO ID:3460762947 CCD | -45.00 |
| 10/03/17 | GREENBOX CAPITAL DES:PREAUTHPAY ID:706064  INDN:NATURA INTERNATIONAL L  CO ID:3460762947 CCD | -145.22 |
| 10/04/17 | Online Banking transfer to CHK 1707 Confirmation# 2314370024 | -500.00 |
| 10/04/17 | Online Banking Transfer Conf# 1fzse3elo; Sanchez | -1,300.00 |
| 10/04/17 | CA TLR transfer to CHK 7345 | -1,561.00 |
| 10/04/17 | GREENBOX CAPITAL DES:PREAUTHPAY ID:706064  INDN:NATURA INTERNATIONAL L  CO ID:3460762947 CCD | -145.22 |
| 10/05/17 | Online Banking Transfer Conf# h5p2ooczd; Quiroz | -800.00 |
| 10/05/17 | GREENBOX CAPITAL DES:PREAUTHPAY ID:706064  INDN:NATURA INTERNATIONAL L  CO ID:3460762947 CCD | -145.22 |
| 10/06/17 | FORWARD FINANCIN DES:FF      ID:  INDN:INTERNATIONAL L, NATUR  CO ID:RPP2952677 CCD | -149.50 |
| 10/06/17 | GREENBOX CAPITAL DES:PREAUTHPAY ID:706064  INDN:NATURA INTERNATIONAL L  CO ID:3460762947 CCD | -145.22 |
| 10/10/17 | WIRE TYPE:INTL OUT DATE:171010 TIME:0547 ET TRN:2017101000032517 SERVICE REF:676116 BNF:ROBERTO ANTONIO CONTRERAS ID:1161199347 BNF BK:BANCO DAVIVIENDA HONDUR ID:001901629680 PMT DET:213080478 RENTA INGESA OCTUBRE 2017 POP FA | -3,445.00 |
| 10/10/17 | FORWARD FINANCIN DES:FF      ID:  INDN:INTERNATIONAL L, NATUR  CO ID:RPP2952677 CCD | -149.50 |
| 10/10/17 | FORWARD FINANCIN DES:FF      ID:  INDN:INTERNATIONAL L, NATUR  CO ID:RPP2952677 CCD | -149.50 |
| 10/10/17 | GREENBOX CAPITAL DES:PREAUTHPAY ID:706064  INDN:NATURA INTERNATIONAL L  CO ID:3460762947 CCD | -145.22 |
| 10/11/17 | Online Banking transfer to CHK 1707 Confirmation# 1573033410 | -100.00 |
| 10/11/17 | CA TLR cash withdrawal from CHK 3203 | -5,000.00 |
| 10/11/17 | Online Banking transfer to CHK 1707 Confirmation# 3275706524 | -400.00 |
| 10/11/17 | Online Banking transfer to CHK 1707 Confirmation# 1376565730 | -500.00 |
| 10/11/17 | GREENBOX CAPITAL DES:PREAUTHPAY ID:706064  INDN:NATURA INTERNATIONAL L  CO ID:3460762947 CCD | -145.22 |
| 10/12/17 | FORWARD FINANCIN DES:FF      ID:  INDN:INTERNATIONAL L, NATUR  CO ID:RPP2952677 CCD | -149.50 |
| 10/12/17 | GREENBOX CAPITAL DES:PREAUTHPAY ID:706064  INDN:NATURA INTERNATIONAL L  CO ID:3460762947 CCD | -145.22 |
| 10/12/17 | CLOVER APP MRKT  DES:CLOVER APP ID:899-9057449-000  INDN:DANIEL QUIROZ      CO ID:1841128086 PPD | -16.17 |
| 10/13/17 | FORWARD FINANCIN DES:FF      ID:  INDN:INTERNATIONAL L, NATUR  CO ID:RPP2952677 CCD | -149.50 |
| 10/13/17 | GREENBOX CAPITAL DES:PREAUTHPAY ID:706064  INDN:NATURA INTERNATIONAL L  CO ID:3460762947 CCD | -145.22 |
| 10/16/17 | FORWARD FINANCIN DES:FF      ID:  INDN:INTERNATIONAL L, NATUR  CO ID:RPP2952677 CCD | -149.50 |
| 10/16/17 | GREENBOX CAPITAL DES:PREAUTHPAY ID:706064  INDN:NATURA INTERNATIONAL L  CO ID:3460762947 CCD | -145.22 |
| 10/17/17 | FORWARD FINANCIN DES:FF      ID:  INDN:INTERNATIONAL L, NATUR  CO ID:RPP2952677 CCD | -149.50 |
| 10/17/17 | GREENBOX CAPITAL DES:PREAUTHPAY ID:706064  INDN:NATURA INTERNATIONAL L  CO ID:3460762947 CCD | -145.22 |
| 10/18/17 | FORWARD FINANCIN DES:FF      ID:  INDN:INTERNATIONAL L, NATUR  CO ID:RPP2952677 CCD | -149.50 |
| 10/18/17 | GREENBOX CAPITAL DES:PREAUTHPAY ID:706064  INDN:NATURA INTERNATIONAL L  CO ID:3460762947 CCD | -145.22 |

continued on the next page

*Your checking account*

## Bank of America

NATURA INTERNATIONAL LLC  |  Account # 3250 8165 3203  |  October 1, 2017 to October 31, 2017

## Withdrawals and other debits - continued

| Date | Description | | Amount |
|------|-------------|---|--------|
| 10/20/17 | FIRSTDATA - ASC DES:LEASE PYMT ID:052-1386521-000 INDN:DANIEL QUIROZ ID:1592126793 PPD | CO | -67.73 |
| 10/23/17 | Online Banking transfer to CHK 1707 Confirmation# 2370189238 | | -500.00 |
| 10/23/17 | Online Banking transfer to CHK 1707 Confirmation# 3279652294 | | -2,500.00 |
| 10/25/17 | Legal Order, LTS D102417000929 | | -31.68 |

Card account # XXXX XXXX XXXX 6883

| | | | |
|------|-------------|---|--------|
| 10/04/17 | BKOFAMERICA ATM 10/04 #000007643 WITHDRWL LAS AMERICAS    SAN YSIDRO    CA | | -300.00 |
| 10/05/17 | BKOFAMERICA ATM 10/05 #000007473 WITHDRWL LAX-TOM BRADLEY   LOS ANGELES   CA | | -500.00 |

Subtotal for card account # XXXX XXXX XXXX 6883 -800.00

Total withdrawals and other debits -$26,972.22

## Service fees

**Your Overdraft and NSF: Returned Item fees for this statement period and year to date are shown below.**

| | Total for this period | Total year to date |
|---|---|---|
| Total Overdraft fees | $0.00 | $210.00 |
| Total NSF: Returned Item fees | $0.00 | $105.00 |

**To help avoid overdraft and returned item fees, you can set up:**

Customized alerts – get email or text message alerts (footnote 1) to let you know if your balance is low

Overdraft Protection – enroll to help protect yourself from overdrafts and declined transactions

To enroll, go to bankofamerica.com/online, call us at the number listed on this statement, or come see us at your nearest financial center.

(footnote 1) Alerts received as text messages on your mobile access device may incur a charge from your mobile access service provider. This feature is not available on the Mobile website. Wireless carrier fees may apply.

Based upon the activity below, the monthly fee on your Business Advantage checking account was waived for the statement period ending 09/29/17:

You are an active user of one of the following services          OR     At least one of the following occurred during the previous month

| | | |
|---|---|---|
| ▓ | Bank of America Merchant Services | ▓ $2,500+ in new net purchases on a linked Business credit card |
| ▓ | Payroll Services | ▓ $15,000+ average monthly balance in primary checking account |
| | | ▓ $35,000+ combined average monthly balance in linked business accounts |

A check mark indicates that you have qualified for a monthly fee waiver on the account based on your usage of these products or services. For information on how to open a new product or to link an existing service to your account please call 1-888-BUSINESS or visit bankofamerica.com/smallbusiness.

*continued on the next page*

# DAVIVIENDA
## Transferencia a Terceros

Fecha: 25/04/14
Hora:      13:05:28
Página:          1

**Cliente:** 2011480767  DANIEL QUIROZ LOPEZ

**Nro Transferencia:** 3

**Monto:** 131,300.00

**Cuenta Debito:** AHO   2011480767

**Referencia:** PAGO A ROBERTO CONTRERAS

**Moneda:** LPS

**Usuario Creacion:** honduras2014

**Fecha Transaccion:** 25/04/14

**Hora Transaccion:** 13:03:43

| Cuenta de Depósito | Descripción | Monto |
|---|---|---|
| Ahorros   1160055643 | CONTRERAS ROBERTO | 131,300.00 |

*1943 Boiling Springs Rd.*
*POB 161538*
*Boiling Springs, S.C. 29316*
*United States of America*
*Tel: +1 716 713 2541*
*Fax: +1 716 524 6700*
*Email: info@psc-lawyers.com*
*Web: www.psc-lawyers.com*

LAW OFFICES OF
PARDEEP SINGH

**Via Email:** dquiroz724@gmail.com

June 29, 2022

RE:    Profit Sharing Agreement dated February 26, 2014, by and between *Natura International* and *Dr. Roberto Antonio Contreras Rosa*

To Whom It May Concern:

My name is Pardeep Singh, Esq. I am an attorney and have acted as general counsel for Natura International since on or about 2011.

While I did not act as counsel nor provide any legal representation regarding the above profit-sharing agreement (PSA), I was aware that the transaction was in process. The PSA was contingent upon the successful monetization of an asset. I was informed and verily believed that, unfortunately, this monetization never occurred. Therefore, the PSA was null and void.

Furthermore, pursuant to para 5.9 of the PSA, the proper forum for any enforcement action or grievance by either party was to be via arbitration upon written notice, which I am informed, and I verily believe, did not occur. In the alternative, any enforcement action regarding the PSA is now time barred by the relevant statute of limitations.

We trust the above is satisfactory.

Very Truly Yours,

Pardeep Singh, Esq.
Attorney at Law

11/7/2017                https://transfers.bankofamerica.com/jsp/bofa/transfer_printable_version_df.jsp?isConfirm=false&transferDate=November 07, 2017 03:44

 Bank of America

Print

| From: | xxxxxxxx4842 |
| To: | xxxxxx9347 |
| Description: | Pago Dr. Contreras |

**Total Transfer Amount with Fees**                              Receipt

**Bank of America, N.A.**
PO Box 25118
Tampa, FL 33622-5118                    Transfer Date: November 07, 2017 03:44

**Recipient**
ROBERTO ANTONIO CONTRERAS ROSA

**Sender**                              Centro Medico Biologico
OSCAR GONZALEZ DEL CID                  Siguatepeque, HONDURAS HN
13445 FOX HOLLOW CIR
CORONA, CA 92880
                                        **Recipient Bank Information**
                                        Bank Name: Banco HSBC Honduras S A
**Transfer Information**                Account Name: ROBERTO ANTONIO
Confirmation Code: J56LT6JR6            CONTRERAS ROSA
Date Available:November 10, 2017        Bank Account #:xxxxxx9347
Funds may be made available sooner.     Routing ID: SWIFTBGAHHNTE

| Transfer Amount | $3,500.00 |
| Transfer Fees | +$45.00 |
| **Total** | $3,545.00 |
| Transfer Amount | $3,500.00 USD |
| Other Fees * | -$30.00 USD |
| **Total to Recipient** | $3,470.00 USD |

Recipient may receive less due to fees charged by the recipient's financial institution and foreign taxes.

You have a right to dispute errors in your transaction. If you think there is an error, contact us within 180 days at 1.877.337.8357, or from outside of the U.S., contact us at 1.302.781.6374 (collect calls accepted); or www.bankofamerica.com/internationalremittancetransfer. You can also contact us for a written explanation of your rights.

You can cancel this transfer for a full refund within 30 minutes of payment, unless the funds have been picked up or deposited. The best way to cancel is to sign in to your account at www.bankofamerica.com and access the Transfer Activity tab by selecting Using a Wire from the Transfers menu. You can also call us at 1.877.337.8357, Monday through Friday from 7:00 a.m. to 10:00 p.m., and Saturday and Sunday from 8:00 a.m. to 5:00 p.m., local time. From outside of the U.S., call us collect at 1.302.781.6374.

For questions or complaints about Bank of America, N.A., contact:
Consumer Financial Protection Bureau
855.411.2372
855.729.2372 (TTY/TDD)
www.consumerfinance.gov/sending-money/

*"Other fees" represents our understanding of fees that may be deducted from the remittance transfer as part of the wire transfer process.

11/30/2018                     https://transfers.bankofamerica.com/jsp/bofa/transfer_printable_version_df.jsp?isConfirm=false&transferDate=November 30, 2018 12:19



Print

**From:**   xxxxxxxx4842

**To:**     xxxxxx6875

**Description:**   Pago a Dr. Contreras


Total Transfer Amount with Fees                                Receipt


**Bank of America, N.A.**
PO Box 25118                          Transfer Date: November 30, 2018 12:19
Tampa, FL 33622-5118

**Sender**                            **Recipient**
OSCAR GONZALEZ DEL CID                 JOSE DE JESUS BANEGAS ORTIZ
13445 FOX HOLLOW CIR                   3ra. Calle No.48
CORONA, CA 92880                       Siguatepeque, HONDURAS HN

**Transfer Information**               **Recipient Bank Information**
Confirmation Code: 3A2F9S6XB           Bank Name: Banco HSBC Honduras S A
Date Available:December 05, 2018       Account Name: JOSE DE JESUS BANEGAS
Funds may be made available sooner.    ORTIZ
                                       Bank Account #:xxxxxx6875
                                       Routing ID: SWIFTBGAHHNTE


Transfer Amount                        $5,000.00

Transfer Fees                          +$35.00

**Total**                              $5,035.00

**Exchange Rate: US $1.00 = 22.9769 HNL**

Transfer Amount                        114,884.50 HNL

Other Fees *                           -0.00 HNL

**Total to Recipient**                 114,884.50 HNL


Recipient may receive less due to fees charged by the recipient's financial institution and foreign
taxes.

You have a right to dispute errors in your transaction. If you think there is an error, contact us within
180 days at 1.877.337.8357, or from outside of the U.S., contact us at 1.302.781.6374 (collect calls
accepted); or www.bankofamerica.com/internationalremittancetransfer. You can also contact us for
a written explanation of your rights.

You can cancel this transfer for a full refund within 30 minutes of payment, unless the funds have
been picked up or deposited. The best way to cancel is to sign in to your account at
www.bankofamerica.com and access the Transfer Activity tab by selecting Using a Wire from the
Transfers menu. You can also call us at 1.877.337.8357, Monday through Friday from 7:00 a.m. to
10:00 p.m., and Saturday and Sunday from 8:00 a.m. to 5:00 p.m., local time. From outside of the U.S.,
call us collect at 1.302.781.6374.

For questions or complaints about Bank of America, N.A., contact:
Consumer Financial Protection Bureau
855.411.2372
855.729.2372 (TTY/TDD)
www.consumerfinance.gov/sending-money/

*"Other fees" represents our understanding of fees that may be deducted from the remittance
transfer as part of the wire transfer process.

4/27/2018                                 Chase Online - Wire Detail

# Review this request — Read and confirm the details for this wire request. Click "Wire Activity" to go back on the Activity page.

Things you can do

## Account Details

| | |
|---|---|
| Wire to | ROBERTO ANTONIO CONTRERAS ROSA(...9347) |
| Wire from | IOLTA ACCOUNT (...5790) |

## Wire Details - Sender

| | |
|---|---|
| Wire amount | 7000.00 U.S. Dollars (USD) |
| Scheduled On | 04/27/2018 at 12:50 PM ET |
| Wire date | 04/27/2018 |
| Message to recipient | |
| Message/instructions to recipient bank | |
| Memo | |
| Transaction number | 5037421761 |
| Fed reference number | N/A |
| Status | In Transit |
| Submitted by | Administrator on 4/27/2018 12:50:28 PM |
| Last modified by | Administrator on 4/27/2018 12:50:28 PM |
| Approved by | Not Available |

Wire Activity

2/8/2018    https://transfers.bankofamerica.com/jsp/bofa/transfer_printable_version_df.jsp?isConfirm=false&transferDate=February 08, 2018 04:34



Print

| From: | xxxxxxxx4842 |
| To: | xxxxxx9347 |
| Description: | Pago Dr. Contreras |

**Total Transfer Amount with Fees**                                      Receipt

Bank of America, N.A.
PO Box 25118
Tampa, FL 33622-5118

**Transfer Date:** February 08, 2018 04:34

**Sender**
OSCAR GONZALEZ DEL CID
13445 FOX HOLLOW CIR
CORONA, CA 92880

**Recipient**
ROBERTO ANTONIO CONTRERAS ROSA
Centro Medico Biologico
Siguatepeque, HONDURAS HN

**Transfer Information**
Confirmation Code: JQK346W8D
Date Available: February 13, 2018
Funds may be made available sooner.

**Recipient Bank Information**
Bank Name: Banco HSBC Honduras S A
Account Name: ROBERTO ANTONIO
CONTRERAS ROSA
Bank Account #:xxxxxx9347
Routing ID: SWIFTBGAHHNTE

| | |
|---|---|
| Transfer Amount | $7,000.00 |
| Transfer Fees | +$45.00 |
| **Total** | **$7,045.00** |
| Transfer Amount | $7,000.00 USD |
| Other Fees * | -$30.00 USD |
| **Total to Recipient** | **$6,970.00 USD** |

Recipient may receive less due to fees charged by the recipient's financial institution and foreign taxes.

You have a right to dispute errors in your transaction. If you think there is an error, contact us within 180 days at 1.877.337.8357, or from outside of the U.S., contact us at 1.302.781.6374 (collect calls accepted); or www.bankofamerica.com/internationalremittancetransfer. You can also contact us for a written explanation of your rights.

You can cancel this transfer for a full refund within 30 minutes of payment, unless the funds have been picked up or deposited. The best way to cancel is to sign in to your account at www.bankofamerica.com and access the Transfer Activity tab by selecting Using a Wire from the Transfers menu. You can also call us at 1.877.337.8357, Monday through Friday from 7:00 a.m. to 10:00 p.m., and Saturday and Sunday from 8:00 a.m. to 5:00 p.m., local time. From outside of the U.S., call us collect at 1.302.781.6374.

For questions or complaints about Bank of America, N.A., contact:
Consumer Financial Protection Bureau
855.411.2372
855.729.2372 (TTY/TDD)
www.consumerfinance.gov/sending-money/

*"Other fees" represents our understanding of fees that may be deducted from the remittance transfer as part of the wire transfer process.

I-P-311-10-12(Proceso para el Envío de Transferencias Infernacionales)

## SOLICITUD DE ENVÍO DE TRANSFERENCIA INTERNACIONAL

| MONEDA *Currency* | MONTO *Amount* | FECHA *Date* |
|---|---|---|
| USD | $ 53600,00 | 27 | 02 | 2014 |

### ORDENANTE/*Ordering*

Nombre:
*Name:* Roberto Antonio Contreras Rosa

Dirección:
*Address* D' Macaroyo 90-22 avdu sta Calla Noroeste

Teléfono:
*Telephone:* 2773-0990

Cuenta a debitar:
*Debit account:* 1 0 3 0 0 0 0 0 3 3

### BENEFICIARIO/*Beneficiary:*

Nombre:
*Name:* Nadesh Consulting Services

Dirección:
*Address* NNPC- Bonny Ocean Bonny - Port Harcourt, Rivers state Nigeria

Cuenta a acreditar:
*Credit account:* 0008974502

### BANCO DEL BENEFICIARIO / *Beneficiary's Bank*

Nombre:
*Name:* Stanbic IBTC Bank PLC

Dirección:
*Address* Lagos Nigeria

Swift / BIC: S B I C N G L X    ABA:

### BANCO INTERMEDIARIO / *Intermediary Bank*
EN CASO DE QUE REQUIERA BANCO INTERMEDIARIO FAVOR LLENAR LA SIGUIENTE CASILLA

Nombre:
*Name:*

Dirección:
*Address:*

Cuenta
Interbancaria:

Swift / BIC:    ABA

DISPOSICIOE PARA LA APLICACIÓE DE LOS GASTOS CON EL CORRESPONSAL

| MODALIDADES | OUR | X | CLIENTE ORDENENATE *ORDERING CUSTOMER* La comisión del banco corresponsal esta incluido en la tarifa de envío pagada por el cliente ordenante. |
|---|---|---|---|
| | BEN | | BENEFICIARIO *BENEFICIARY* El beneficiario paga los gastos del banco corresponsal los cuales se deduce del monto enviado de la transferencia. |
| | SHA | | COMPARTIDO *SHARED* La comisión del banco corresponsal se comparte en partes iguales por el cliente ordenante y el beneficiario de la transferencia. |

### MOTIVO DEL ENVIO DE LA TRANSFERENCIA/*Reason the shipment of the transfer*

Compra materia Prima Natural
Referencia Sky Ridge Global Inc. USA
Director Jonas Bonny Oil terminal
bny.crudoiltmnal@yahoo.co.uk

_Contreras_         Roberto Artimio Contreras Ros         1804.1946.00381

FIRMA DEL CLIENTE         NOMBRE DEL CLIENTE         NO. IDENTIDAD DEL CLIENTE

Declaro que la información proporcionada en el presente formato está de acuerdo a mi solicitud, por lo que libero al Banco de cualquier responsabiliTaT presente o futura en el envío Te este pago.

Honduras, 28 de Febrero de 2014

```
                                      Venta.........:....:
                                      Disponibilidad..:        XXX
```

**BANCO DEL BENEFICIARIO**
Nombre.: STANBIC BANK NIGERIA LIMITED
Cuenta No..:
Aba No.:                              Swift..:  SBICNGLXXXX
Direccion..: LAGOS NIGERIA

**BENEFICIARIO**
Nombre.....: NADESH CONSULTING SERVICES

Direccion..: NNPC -BONNY OCEAN BONNY PORT
             HARCOURT RIVERS STATE NIGERIA
Cuenta.....: 0008974502
**ORDENANTE**
Nombre.....: ROBERTO ANTONIO CONTRERAS ROSA
Direccion..: BO MACARUYA
Informacion al Beneficiario
/RFB/TRANSFER FUNDS

**BANCO INTERMEDIARIO**
Nombre.....:
ABBA.......:                          Swift..:
Direccion..:
Informacion de Banco a Banco

**BANCO CORRESPONSAL**
Nombre.....: HSBC NEW YORK
Cuenta.....: 000156884

**LIQUIDACION**                           Moneda Local
Monto........          *****53,600.00      1,108,967.92
TELEX                          35.00            724.14
                       ------------------  ------------------
Total........              53,635.00      1,109,692.06

_____
                                      Firma Remitente

Hecho por          Autorizado Por

NOTA DE DEBITO

HONDURAS, 28 DE  FEBRERO   DE 2014

BANCO DAVIVIENDA HONDURAS S.A.
COL. ALAMEDA                    guatepeque Comayagua
CONT HOTEL ALAMEDA
Distrito Central Francisco Morazán

Cuenta:    61630000033     Valor: US$ *******53,635.00

VENTA   DE DIVISAS NO. 0004913307

US$ *******53,600.00      1.0000